TOBY & CO.
vs.
HART ET AL.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.

——————

**TOBY & CO. vs. HART ET AL.**

<span style="float:right">SL 523<br>52 1221</span>

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

When several persons, residing in different parishes, contract a joint
obligation, they must all be sued jointly, and judgment rendered against
each for his portion; but they may all be sued at the domicil of any one
of them, which is an exception to the general rule, and they are
considered as having waived their personal privilege to be sued at their
domicil.

The plaintiffs instituted suit as the holders, and for the
recovery of the amount of the following note :

"$1200                    *New-Orleans, 20th July,* 1832.
" Two years after date, we promise to pay to the order of
J. H. Krofft, at the United States Branch Bank in this city,
twelve hundred dollars, for value received.
                              " H. M. HART,
                              " H. M. HYAMS.
Endorsed, " J. H. Krofft, Thomas Toby, J. H. Field, & Co."

The defendants severed in their answers. *Hart* admitted
his signature, and averred he could only be jointly liable in
any event, for his portion of the note, and set up sundry
matters in defence. Hyams pleaded an exception, that he

EASTERN DIST.   had his domicil in the parish of Ascension, and could not be
*June,* 1835.    sued in the parish of Orleans.   The exception was overruled.

TOBY & CO.       Judgment was rendered against the defendants, jointly and
*vs.*
HART ET AL.      *severally,* for the amount of the note sued on. · Both of them
appealed.

*Carleton* and *Lockett,* for the plaintiffs.

*L. Janin* and *Benjamin,* for the defendants.

*Bullard, J.,* delivered the opinion of the court.

The appellant assigns for errors apparent on the face of the
record, first, that the plea of Hyams to the jurisdiction of the
court was improperly overruled, and second, that the judgment
is *in solido,* on a joint obligation.

I. The first assignment, we think, cannot avail the party.
The obligation on which the suit is brought, is manifestly a
joint one, and the 2080th article of the *La. Code,* requires
*When several* that "in every suit on a joint contract, all the obligors must be
*persons, residing*
*in different par-* made defendants, and no judgment can be found against any,
*ishes, contract a* unless it can be proved that all joined in the obligation, or are
*joint obligation,*
*they must all be* by law presumed to have done so."   When several persons,
*sued jointly, and*
*judgment ren-* residing in different parishes, contract a joint obligation, the
*dered against*
*each for his por-* obligee would be altogether without remedy against either,
*tion; but they* if each could avail himself of his privilege to be sued only
*may all be sued*
*at the domicil of* within his own parish.   We are bound to consider a case of
*any one of them,*
*which is an ex-* joint obligation as an exception to the rule, rather than to
*ception to the* give such effect to a law regulating the jurisdiction of the
*general rule, and*
*they are consid-* courts *ratione personarum,* as would effectually render nugatory
*ered as having*
*waived their per-* such joint obligations.   Parties contracting under such circum-
*sonal privilege,* stances, may rather be considered as having waived their
*to be sued at*
*their domicil.* personal privilege.

II. The second assignment is well taken, and we presume
the judgment was entered up *in solido* through inadvertence.
But we think ourselves bound to amend in this particular.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be reversed, and that the

plaintiffs recover from each of the defendants, the sum of six hundred and one dollars seventy-five cents, with legal interest on the amount of the note from the 29th of February, 1834, and costs in the District Court, and that the plaintiffs and appellants pay the costs of appeal.