## WHITEHEAD et al v. WOOLFOLK et al.

Wherever security is given under an order of court, it is what is termed by the Civil Code *judicial* security.

The domicil of judicial sureties is required by law to be within the jurisdiction of the court in which the suretyship is undertaken; and such sureties, though their domicils be beyond the jurisdiction of the court, by entering into such a contract render themselves amenable to its jurisdiction.

A judgment against the principal, though not conclusive against his sureties, is evidence against them until its effect is impugned.

APPEAL from the District Court of the First District, *Buchanan*, J. The facts of this case are stated in the opinion *infrâ*.

*Roselius*, for the plaintiffs. Judicial sureties must reside within the jurisdiction of the court, before which their bond is given. C. C. 3011, 3033. To permit defendants to except to the jurisdiction of the court, would be to allow them to act *in fraudem legis*. The judgment against the pricipal is *primâ facie* evidence against the surety. Defendants, being judicial sureties, are bound *in solido*.

*L. Pierce*, for the appellants. The domicil of the defendants is pleaded and proved to be without the jurisdiction of the court. The present case is not that put by the judge *a quâ*, for this is not a security which was bound to be given by law, or by a judgment of the court. A receiver was agreed upon by the parties, and the defendants were made his sureties by the same agreement. Upon this, a recognition, rather than an order, was entered on the minutes. There is no law that requires a receiver or sequestrator to give security, and it is not usual. It is therefore insisted that this security, entered into by *Lawson* and *Woolfolk*, did not deprive them of the privileges allowed to them by law, and differs from the cases of bail or appeal bonds, where statutes have prescribed such remedies as pre-suppose them to be parties to the original suit.

Article 3011 of the Code intends cases where the law makes it obligatory upon the debtor to furnish security, and not where it is mere matter of agreement. A person offering himself as security, where the debtor is obliged to furnish such, is presumed to represent himself as having the qualities required by the law; and, if he have a foreign domicil, that he waives it—but this reason does not hold under any other circumstance.

The exception taken by defendants to the introduction of the judgment against *Conner*, as evidence against them, is a valid one. The judgment against *Conner* was obtained long after the receivership ceased, and was for moneys abstracted by him before he became receiver, and for cotton diverted to his own purpose, received after the termination of his office as receiver, so far as can be deduced from the evidence, which is loose and unsatisfactory. This has nothing to do with the present action.

The judgment of the court was pronounced by

EUSTIS, C. J. This suit is a branch of the litigation of the plaintiffs against *James R. Conner*, reported in 2 Annual Reports, p. 88. It is brought against the defendants as sureties on a bond given by them for the faithful discharge of his duties as receiver, under the appointment of the court before which the suit for the settlement of the partnership was pending. There was judgment against the defendants for the amount of the verdict of the jury against *Conner*, as receiver, which was afterwards affirmed by this court, to wit, the sum of $4,290 63, and the defendants have appealed.

The defendants have pleaded that their domicil was out of the jurisdiction

of the court in which they were sued. This exception was overruled, and we <span style="float:right">WHITEHEAD<br>v.<br>WOOLFOLK.</span> think correctly. The Code of Practice provides as "a general rule" that a party must be sued at his domicil, but to this rule there are many exceptions, and parties by contracting certain obligations have been considered as thereby waiving this privilege of domicil. A joint obligation has been held to be a waiver of it, on the part of the debtors. *Thompson* v. *Chrétien*, 3 Robinson, 26. *Toby* v. *Hart*, 8 La. 523. It often happens in the administration of justice, in order to secure and carry into effect the rights of litigants, that security is required to be given, and whenever it is given under an order of court, we understand the security to be what is called in our Code *judicial*. The domicil of judicial sureties is required by law to be within the jurisdiction of the court in which the suretyship is undertaken. The contract itself is, under the authorities quoted, and, we think, on principle, a waiver of domicil, and the defendants are properly amenable to the jurisdiction of the court.

The bond recites that *James R. Conner* has been appointed, by order of the District Court, receiver of the effects and property of the co-partnership, which has been sequestered in this case, with authority to collect the debts due the co-partnership, and to sell the effects and property thereof, and to pay and discharge the claims against the same, the same having been put into his hands and control for that purpose in conformity with the decree of the court. The value of cotton and property transferred to him as receiver was, as ascertained by inventory, $10,000. There were two judgments against *Conner*, as receiver; the first for $4,844 51, which was reversed by the appellate court; the second was for $4,290 63, which was affirmed by this court. This second judgment was offered in evidence against the defendants, and we think was properly admitted. The defendants were not concluded in their rights by this judgment, but it was evidence against them until its effect was impugned. Pothier on Obligations, § 61, *de Re Judicatâ*. 10 Toullier, § 210. In *Irish* v. *Wright*, 12 Robinson, 576, it was held that in a legal suretyship the judgment against the principal debtor is *res judicata* against the surety. We think the defendants are bound *jointly*, and not *in solido*. *Judgment affirmed.*