(91 South. 681)

No. 24633.

### KING v. WM. J. BURNS INTERNATIONAL DETECTIVE AGENCY, Inc.

(April 3, 1922. Rehearing Denied May 1, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Venue** &#9737;&#9655;22(1)—**Right to sue joint obligors, etc., at domicile of one, inapplicable to torts; "joint obligors;" "solidary obligors."**

In view of Code Prac., art. 162, declaring the general rule that a person must be sued at his domicile except as expressly provided by law, Civ. Code, art. 3556, §§ 20, 21, defining obligor and obligee, and the law as it stood before the Code of Practice was adopted (Code Prac. art. 165), providing that joint or solidary obligors may be cited at the domicile of any one, applies only to obligors by contract or convention, and not tort-feasors, whose liability is solidary, as "joint obligors" and "solidary obligors" have a well-defined meaning in the business or commercial world as including persons who have by contract so bound themselves.

2. **Venue** &#9737;&#9655;22(1)—**Exceptions to general rule strictly construed.**

Under Code Prac., art. 162, requiring suits to be brought at defendant's domicile except as expressly provided by law, an alleged exception to the general rule must be strictly construed.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Louis Carl King against the Wm. J. Burns International Detective Agency, Inc., to which plaintiff attempted to make others defendants by supplemental petition. From a judgment sustaining exceptions and dismissing the suit as to such additional defendants, plaintiff appeals. Affirmed.

Hall, Monroe & Lemann, and Nicholas Callan, all of New Orleans, for appellant.

St. Clair Adams, of New Orleans, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. This is an action ex delicto for the alleged malicious arrest and imprisonment of plaintiff. The suit was filed originally against the Wm. J. Burns International Detective Agency alone, January 30, 1920. Defendant answered, denying liability, and averring that its operative had acted merely in aid of the constituted authorities of the state, and at the instance of J. E. McClanahan, sheriff of Caldwell parish, who had requested that plaintiff be arrested and held as the person who had passed a forged check upon the Bank of Grayson, La., also domiciled in the parish of Caldwell.

Thereafter, on January 13, 1921, plaintiff filed a supplemental petition making the said McClanahan and the said Bank of Grayson parties defendant, and praying for judgment against all of said parties in solido.

The Wm. J. Burns International Detective Agency filed an exception of no cause of action and plea to the jurisdiction ratione personarum in so far as the amended petition attempted to make the said bank and McClanahan parties defendant. McClanahan and the bank of Grayson also excepted to the jurisdiction ratione personæ.

The exceptions of the two last mentioned defendants were sustained, and the suit of plaintiff was dismissed as to them. From this judgment plaintiff has appealed.

### Opinion.

[1] Plaintiff relies upon paragraph 6 of article 165 of the Code of Practice as vesting jurisdiction in the court below. That section reads:

"When the defendants are joint or solidary obligors, they may be cited at the domicile of any one of them."

He contends that the term "solidary obligors" includes tort-feasors whose liability is solidary; while defendant claims that only obligations which arise from contracts were intended to be covered by the provision of the Code of Practice just quoted.

In support of his position plaintiff cites the following article of the Revised Civil Code:

"Art. 2324. He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."

"Art. 1756. An obligation is, in its general and most extensive sense, synonymous with duty."

"Art. 1760. Civil obligations, in relation to their origin, are of two kinds:

"1. Such as are created by the operation of law.

"2. Such as arise from the consent of the parties who are bound by them, which are called contracts or conventional obligations."

"Art. 2292. Certain obligations are contracted without any agreement, either on the part of the person bound, or of him in whose favor the obligation takes place.

"Some are imposed by the sole authority of the laws, others from an act done by the party obliged, or in his favor.

"The first are such engagements as result from tutorship, curatorship, neighborhood, common property, the acquisition of an inheritance, and other cases of a like nature.

"The obligations which arise from a fact, personal to him, who is bound, or relative to him, result either from quasi contracts, or from offenses and quasi offenses."

Plaintiff cites further the articles of the Code of Practice dealing with personal actions, particularly articles 26, 27, and 28, the last of which (28) reads:

"Personal actions are grounded on one of the four causes which give rise to personal obligations. The causes are contracts, or quasi contracts, offenses, or quasi offenses."

He also relies upon certain decisions of this court, especially Rudison v. Glover, 131 La. 381, 59 South. 817, in which it was held that the provisions of the Civil Code by which all of the solidary debtors are discharged, if one be released by the creditor without reservation of his rights against the others, apply to the obligation of tort-feasors.

However, notwithstanding the plausible and persuasive nature of this argument, we must not overlook the fact that the issue here is as to the jurisdiction of the court, and not as to the effects of such obligations otherwise. We begin with the universal rule, as enunciated in article 162 of the Code of Practice, that a person must be sued at his domicile, except as may be expressly provided by law. That article reads:

"It is a general rule in civil matters that one must be sued before his own judge—that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law."

The exceptions referred to are to be found in article 165, and statutes which expressly

provide for the bringing of suits in particular cases elsewhere.

As is pointed out by the brief of defendant's counsel, prior to the adoption of the Code of Practice of 1870, the only exception was that recognized by the courts of this state, as a matter of necessity, in holding that joint obligors might be sued at the domicile of any one of them. This was because the article 2080 of the Civil Code of 1825 required that all joint obligors should be made defendants in a suit against any one of them. In these circumstances it was held that one who signed a joint obligation must be held to have thereby waived the right to be sued at his domicile as to that particular obligation. Toby & Co. v. Hart, 8 La. 523. This exception established by the jurisprudence was incorporated into the Code of Practice of 1870; and it was not until 1914 that the Legislature, by Act 71 of that year, added the words "or solidary" to the paragraph of article 165, so as to make it read:

"When the defendants are joint or solidary obligors they may be cited at the domicile of any one of them."

The terms "joint obligors" and "solidary obligors" have a well-defined meaning in the business or commercial world, and are generally understood to include persons who have, by contract, bound themselves in one or the other sense. In fact, the concluding and definition article 3556 of the Civil Code (section 20) defines an obligee or creditor as follows:

"Obligee or creditor is the person in favor of whom some obligation is contracted, whether such obligation be to pay a sum of money, or to do or not to do something."

And section 21 of the same article reads:

"Obligor or debtor is the person who has engaged to perform some obligation."

See, also, the definitions of "obligee" and "obligor" in Bouvier's Law Dictionary.

As the law stood before the Code of Prac-tice of 1870 was adopted and when the amendment of 1914 was enacted, joint obligors only, whose liability necessarily arose from contract, and from the relation in which they had bound themselves, could be sued at the domicile of any one of them; and, in adding the two words "or solidary," we think the Legislature intended to include only those persons who had obligated themselves in the sense that the section had theretofore provided—i. e., by contract or convention—so as to be bound in solido, and that it was never intended to cover all solidary liability in the general sense of the provisions of the Codes quoted above and relied upon by the plaintiff.

[2] It is at least not so "expressly provided," and we would be justified in such a holding only when there was no other reasonable conclusion. Being an alleged exception to the general rule, the construction must be strict.

As to the inconveniences which plaintiff claims will flow from the finding which we have made, it is sufficient to say that the situation will be no different, as to actions in tort, from what it was upon all claims of solidary liability prior to the act of 1914.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.

Rehearing refused by the WHOLE COURT.