THOMPSON, J.
The Willowbrook Brick & Tile Company was incorporated under the laws of this state on January 29, 1920, with an authorized capital stock of $100,000. The city of Shreveport was made the domicile.
F. M. Brown, a resident of Caddo, Norman McDonald and J. A. Jimerson, residents' of the parish of Lincoln, and R. A. Ludwick, whose residence is not stated, were subscribers to the capital stock and were elected as the first board of directors of the corporation.
'Brown subscribed for $16,250 of the stock, and the other three for $11,250 each.
After the lapse of some three years the cor-, poration was by judgment of the district court of Caddo parish placed in charge of a receiver, who, under the direction of the court, collected all available debts due the corporation and sold all of the property of said corporation, realizing therefrom, after paying taxes and some urgent expenses, the sum of $5,000.
This amount not being sufficient to pay the debts of the corporation, the receiver instituted suit in the district court of Caddo parish, the domicile of the corporation and of Brown, to recover of the three directors, Brown, McDonald, and Jimerson, in’solido, an amount equal to the total sums subscribed by all four of the directors heretofore named.
'In the petition it is alleged that, after collecting all available debts and the sale of all property, the corporation is hopelessly insolvent, owing debts amounting to approximately $50,000 in excess of the cash on hand.
It is further alleged that the directors named colluded and conspired with each other, and each knowing the acts and intention of the other, and by fraudulent agreement and understanding with each other, illegally issued certificates for the full amount of the stock subscribed by each of them, whereas in truth and in fact no portion of said stock has been paid for either in cash or its equivalent as required by law.
It is further alleged that said stock was so issued under said agreement and conspiracy by said officials and board of directors, and, having so issued said stock without demanding or receiving payment, as the result of said collusion and agreement they are liable in solido for the full par value of the stock, to wit, $50,000.
The two relators, McDonald and Jimerson, residents of Lincoln parish, pleaded in limine that the Oaddo court was without jurisdiction ratione personse and ratione materise, which plea was overruled, whereupon relators after due notice applied to this court for relief.
It is conceded that if the suit is to be regarded as one against the subscribers for the unpaid portion of the stock for which they each had subscribed the suit could only be brought at the domicile of the respective *787 subscribers, since in sucbi circumstances there is no joint or several liability of the subscribers to the corporation.
And it may be further conceded that if the action could be regarded as one arising ex ilelicto, in which all of the tort-feasors are bound in solido, the relators could not be sued except at their respective domiciles, in view of the ruling of this court in King v. Burns Detective Agency, 151 La. 212, 91 So. 681.
It is contended, however, that the suit is not one for balance due on subscription for stock, nor one ex delicto, but is an action against the directors and officers for illegally issuing the stock and for disposing of corporate property illegally and under a charge of collusion and fraud between them for the purpose of appropriating the $50,000 of the assets of the corporation for which said corporation received nothing.
Article 266 of the Constitution of 1913, which was in-force'at the time the corporation was organized, provides that no corporation shall issue stock except for labor done or money or property actually received.
Section 17 of Act 267 of 1914, known as the Uniform Corporation Act, provides that if stock be issued for property in violation of the provisions of this act, or if any dividend or other distribution of the assets be made other than from net profits, or if a reduction of capital be made under the guise of a loan to stockholders * * * the directors of such corporation voting or assenting thereto shall be jointly and severally liable to the creditors of the corporation for any loss or damage arising therefrom.
The foregoing section seems to be broad enough to cover the acts charged against the directors in the case under consideration, and to make them liable in solido to the corporation and to its stockholders and creditors.
Eor surely the dissipation of the assets of the corporation, or the gratuitous distribution of the shares of the capital stock among the subscribers without any return or financial benefit to the corporation, would be as great a violation of the trust imposed in the directors, and as much a breach of their contractual obligations to the corporation, as would be the issuance of the stock for property in violation of the terms of the act referred to, or the distribution of the assets other than from net profits, or the reduction of the cax>ital stock under the guise of á loan to the stockholders.
In the case of Dawkins v. Mitchell, 149 La. 1038, 90 So. 369, we held that the directors of a national bank are its agents charged under the law with an implied trust to use its funds only for the purposes permitted by law and to preserve them for its creditors and stockholders.
The same principle applies here.
The directors of the instant corporation owed a special contractual duty to the corporation, its creditors, and stockholders, and not a general onet to everybody.. As fiduciaries of the corporation the directors held the assets in trust for the benefit of the corporation, its creditors, and stockholders.
When, therefore, the said directors diverted the assets of the corporation or appropriated them to their own use by donating to and distributing the shares of stock among themselves without paying to the corporation an equivalent, they by such act rendered themselves liable in solido to the corporation, and may be sued at the domicile of the corporation or the domicile of any one of the said directors.
Section 18 of the act referred to, supra, specially vests in the courts jurisdiction over the directors and officers of a corporation to compel them to account for their management and disposition of the funds, property, and business committed to their charge; to compel payment by them to the corporation which they represent of all sums of money and all the value of all property which they may have acquired to themselves, or trans *789 ferred to others, or may have lost or wasted by any violation of their duties or abuse of their powers.
If, therefore, the directors are liable in solido to the corporation for acts of mismanagement of the affairs of the corporation such as here charged, and if such liability is contractual and does not arise ex delicto, and if the courts are vested with jurisdiction at the suit of the corporation to enforce such liability, it is perfectly obvious, it seems to us, that the proper court, if not the only court, in which such a suit could be brought, is the court of the domicile of the corporation which has appointed a receiver to liquidate the affairs of the corporation — the court where the directors are required to perform their duties and where the president and one of the directors of the corporation reside.
Our conclusion is that under the allegations of the petition the obligations of the directors were statutory and contractual, and that the suit was properly brought in the Caddo court. The application of the relators is therefore dismissed at their cost.