## BOYETT v. KING.

### No. 5605.

Court of Appeal of Louisiana. Second Circuit.

Jan. 28, 1938.

Rehearing Denied March 8, 1938.

Writ of Certiorari and Review Denied April 4, 1938.

Philip Mecom, of Shreveport, for appellant.

John G. Gibbs, of Natchitoches, for appellee.

DREW, Judge.

Plaintiff instituted this suit to recover the sum of $501.40, less a credit of $117 with legal interest from judicial demand until paid; and, in the alternative, for an accounting of the proceeds of the crop raised on halves by him. He alleged that he made a contract with defendant in Red River parish to cultivate certain acreage for the crop year of 1935–36; that under said contract, he was a share-tenant, entitled to half of the crop raised. He alleged the value of the cotton and cotton seed raised and sold by defendant, and claims one-half of that amount. He further alleged that he performed labor and service under contract of employment, amounting to $81.10. The suit was filed in Red River parish, La., where the acreage cultivated by plaintiff is located. In the first paragraph of his petition, he alleged that the defendant resides at 2001 Highland avenue, Shreveport, La., which is in Caddo parish, La. The prayer of the petition is, first, for a moneyed judgment; and, in the alternative, for a full accounting of the proceeds of said crop.

Defendant filed in limine a plea to the jurisdiction ratione personae. The lower court overruled the plea and plaintiff answered. The case was tried upon its merits, resulting in a moneyed judgment for plaintiff in the sum of $461.36 less a credit of $189.29 and for all costs. Defendant perfected this appeal and is here seriously urging the plea to the jurisdiction filed below. We are of the opinion the plea is good and should have been sustained.

Article 162 of the Code of Practice provides as follows: "It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the

place where he has his domicile or residence and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law."

The exceptions spoken of in the above article are the exceptions specifically made by law, and it is incumbent upon one seeking to avoid the general rule to clearly show that he is within the exception claimed.

Smythe v. Home Life, etc., Ins. Co., 134 La. 368, 64 So. 142; and all exceptions to the general rule must be strictly construed. King v. William J. Burns International Detective Agency, 151 La. 211, 91 So. 681.

Therefore, unless there is some expressed law making an exception to the general rule in this case, or cases of this kind, the plea will have to be sustained.

Plaintiff admits the allegation made in his petition, that he had performed labor and other services, for which he was entitled to be paid $81.10, was made through error, and should not be considered. We have, therefore, eliminated that paragraph of the petition in considering this case. He contends, however, that Act No. 16 of 1886, which provides: "Section 1. Be it enacted by the General Assembly of the State of Louisiana, That parties holding claims against any citizen of this State for labor performed, or for supplies or materials furnished, or for improvements made upon any farm or plantation, or real estate, are hereby authorized to institute suit for the recovery of such claims before any competent court having territorial jurisdiction of the property, whether the owner be domiciled or not in the parish where the property is situated," created the exception to the general rule in cases of this kind. His contention is that raising a crop on halves constitutes "labor performed" within the intendment of the above-quoted act. We do not agree with this contention.

In the case of Louisiana Farm Bureau Cotton Growers' Co-op. Ass'n v. Clark, 160 La. 294, 107 So. 115, the court held that the tenant working under a share contract, such as this, was upon equal footing with the landlord as to ownership in the crop produced. This holding was reaffirmed in Louisiana Farm Bureau Cotton Growers' Co-op. Ass'n v. Bannister, 161 La. 957, 109 So. 776, 777, and in Louisiana Farm Bureau Cotton Growers' Co-op. Ass'n v. Bacon et al., 164 La. 126, 113 So. 790. In the Bannister Case, above cited, the court on rehearing said:

"After a careful reconsideration of our original opinion, we are convinced that we have correctly held that the interveners, the share tenants of the defendant, do not bear to him the relation of employees to employer, but that of lessees to lessor, and are entitled to their proportionate share of the cotton raised by them as co-owners with the defendant.

"Under the facts recited in our original opinion, the contract entered into between defendant and interveners is not one of hiring, and therefore the shares of the interveners in the cotton cannot be considered as in lieu of wages. In other words, the cotton of share tenants is not under the control of the lessor, but under that of the tenants themselves.

"We adhere to our holding in the Clark Case that where the lessor leases land to a tenant under a share contract, the crop produced belongs to the lessor and the lessee respectively, in the proportions fixed by the contract between them. Louisiana Farm Bureau Cotton Growers' Co-operative Association v. Alex. Clark, 160 La. 294, 107 So. 115, No. 26967 of our docket."

It is clear, therefore, that plaintiff's suit cannot be classed as a suit for "labor performed." It is clearly a suit for the value of his half of the crop produced upon defendant's property, which half defendant has sold and converted into money.

Act No. 16 of 1886 has no application to the case at bar. The plea to the jurisdiction is sound and should have been sustained below. The judgment of the lower court is therefore reversed, the plea to the jurisdiction ratione personae is sustained, and plaintiff's suit is dismissed at his cost, in both courts.