25 So.2d 242

**GLOVER v. MAYER.**

No. 37878.

Feb. 11, 1946.

Dickson & Denny, of Shreveport, for plaintiff-appellant.

Henry W. Bethard, Jr., of Coushatta, and Jackson & Mayer, of Shreveport, for defendant-appellee.

HAMITER, Justice.

In this cause, instituted in the District Court of Red River Parish against Vernon Mayer who is a resident of Bossier Parish, plaintiff, John Wesley Glover, prays to be recognized as the owner of a one-half interest in the Holley Plantation located in Red River Parish, as well as in certain crops and other commodities produced by it. In the alternative he seeks a judgment for one-half the value of the real and personal property.

Relying on Code of Practice, Article 162, which announces the general rule that one must be sued before the judge having jurisdiction over the place where he has his domicile or residence, defendant questioned, by means of a formal plea, the jurisdiction ratione personae of the Red River Parish Court. The plea was sustained and the suit dismissed. Whereupon plaintiff appealed, maintaining that the case comes within an exception to the general rule regarding jurisdiction.

During the month of October, 1940, as the allegations of the petition recite, plaintiff and defendant agreed orally that the

former would manage and operate the Holley Plantation, the latter would finance the farming operations, and both would share equally in the annual net profits. A loss resulted in 1941, instead of a profit, because of certain circumstances beyond the control of either litigant. Nevertheless, they agreed to continue the arrangement for three more years with the understanding that part of the net profits from future operations would be applied in liquidation of such loss. The venture during the years 1942 and 1943 proved successful to the extent of providing funds for the complete liquidation of the 1941 loss and of giving each of them some compensation. In 1944 the plantation produced a large crop of cotton, hay and corn, as well as some cattle and hogs, in all of which plaintiff has a one-half interest.

With reference to his claim to the Holley Plantation itself, plaintiff further alleges:

"That in the operations of said place during the past four years, there was charged as rent on said property each year the sum of Eighteen Hundred & No/100ths ($1800.00) Dollars, or a total of Seventy-two Hundred & No/100ths ($7200.00) Dollars, and that the said Vernon Mayer, on or about the 22nd day of November, 1944, purchased said property, using the said Seventy-two Hundred & No/100ths ($7200.00) Dollars credit, and at said time, your petitioner was in active charge of said place and managing same, and it was in his possession and control, and your petitioner is entitled to an one-half interest in said lands above described subject to any valid mortgages or claims against same."

■ It is provided in 67 Corpus Juris (verbo Venue), Section 155, that "An exception to the rule requiring actions to be brought in the county in which defendant resides must be expressly provided for by law, and should be confined to their original purpose by strict construction. * * * *One who claims the benefit of an exception to the statute must bring himself clearly within such exception."* In keeping with that pronouncement are the holdings in Smythe v. Home Life & Accident Insurance Co., 134 La. 368, 64 So. 142, and Boyett v. King, La.App., 180 So. 168. (Italics ours.)

Moreover, it was said in King v. William J. Burns International Detective Agency, Inc., 151 La. 211, 91 So. 681, that in construing a statute which grants an exception to the general rule of jurisdiction a strict construction must be given.

■ Plaintiff's counsel contend in their brief that since the suit involves title to real estate it can be maintained in Red River Parish where the property is situated. During oral argument, however, they conceded that the contention was not defensible under the pleadings and consequently abandoned it. The petition contains no allegations of fact sufficient to justify the giving of recognition to the claim that plaintiff is the owner of a one-half interest in the Holley Plantation.

Invoked is the exception announced in Code of Practice, Article 165, Paragraph 2, that: "In matters relative to the part-

nership, as long as the partnership continues, in all suits concerning it the parties must be cited to appear before the tribunal of the place where it is established, or if there are several establishments, before that of the place where the obligation was entered into." Under this provision the argument is made that the averments of the petition show the existence of a partnership between plaintiff and defendant that was established in the Parish of Red River and, therefore, the tribunal of such political subdivision has jurisdiction of the cause.

A partnership, as defined in Revised Civil Code Article 2801, is "a synallagmatic and commutative contract made between two or more persons for the mutual participation in the profits which may accrue from property, credit, skill or industry, furnished in determined proportions by the parties." But, according to Revised Civil Code Article 2805, "Partnerships must be created by the consent of the parties.

This court in Chaffraix & Agar v. Lafitte & Co., 30 La.Ann. 631, in its effort to determine whether a certain business arrangement constituted a partnership, commented:

" * * * The true, final, satisfactory, conclusive test is in the answer to the question: What was the real meaning and intention of the parties, as expressed in their contract, whether verbal or written? If they intended to create a partnership, they will be treated as partners inter sese and with respect to third persons: If they did not intend to create that relation, but merely to divide the profits, or to share profits and losses, in a speculation or adventure, they will not be partners inter sese, nor will they be liable as such. Those who hold themselves out to the public as partners, or knowingly permit themselves to be so held out, may not, indeed, be actually partners, if they have not so intended and agreed; but they will be subject to the same liabilities as partners to those who have dealt and given credit on the faith and in consequence of such acts."

In Collom v. Bruning, 49 La.Ann. 1257, 22 So. 744, 747, it was said:

" * * * Partnership is a special contract, dependent for its creation upon the consent of the parties (Rev.Civ.Code, art. 2805) that that particular relation should be established between them. The mere fact that two persons may both be interested pecuniarily in the same business venture, and that each gave to it equally his time and attention, by no manner of means carries with it, as a matter of law, the conclusion that they stand towards each other as partners. * * *"

In Shushan Bros. & Co. v. Drennan & Hillcoat et al., 158 La. 480, 104 So. 214, 216, the court referred approvingly to the Chaffraix & Agar decision and observed:

" * * * To hold, under this state of facts, that the presumption of partnership, arising from a mere agreement to participate in the profits, is sufficient to establish a partnership, in the absence of intention between the parties to form a partnership, and in the absence of proof between the parties of a community of goods and

proprietary interest therein, is clearly erroneous."

And in Reel v. Brewer et al., La.App., 6 So.2d 99, 101, it was said that the jurisprudence dealing with Civil Code, Article 2805 "holds that the real intention of the parties is to be ascertained in determining the question of partnership vel non."

 From the quoted observations it is clear that for persons to be considered as partners inter sese there must exist an intention to establish that relationship. The presence of that essential element in the arrangement of plaintiff and defendant, however, is in no manner reflected by the petition herein. Not only does it fail to refer to the venture as a partnership affair, but also it lacks allegations of fact from which that conclusion can be drawn. The only averments on this point are that plaintiff undertook the management and operation of the plantation, defendant the financing of it, and that both would share in the net profits. It follows, especially in view of the above mentioned rule of strict construction, that plaintiff has not brought himself within the exception pertaining to partnerships.

Finally plaintiff insists that Act 16 of 1886 authorizes the institution of this suit in the parish in which Holley Plantation is located. The statute reads:

"Be it enacted by the General Assembly of the State of Louisiana, That parties holding claims against any citizen of this State for labor performed, or for supplies or materials furnished, or for improvements made upon any farm or plantation,

or real estate, are hereby authorized to institute suit for the recovery of such claims before any competent court having territorial jurisdiction of the property, whether the owner be domiciled or not in the parish where the property is situated."

 When the quoted statutory provisions are construed strictly, as must be done in dealing with an exception to the general rule of jurisdiction, it is apparent that they do not embrace the services rendered by this plaintiff. By the use of the language "labor performed * * * supplies or materials furnished * * * improvements made upon any farm * * *," the statute seemingly contemplates the existence of employer-employee and seller-purchaser relationships. The contract entered into between this plaintiff and defendant does not appear to furnish either relationship. Rather, under it, both persons stood on an equal footing, with each performing certain stipulated obligations and participating in the products of their joint venture.

Somewhat analogous was the relationship existing in Boyett v. King, supra. Therein the plaintiff cultivated some acreage belonging to the defendant under a share crop arrangement. In holding that Act 16 of 1886 was inapplicable, the court pointed out that the suit was clearly for the value of plaintiff's half of the crop produced, not for "labor performed".

For the reasons assigned the judgment appealed from is affirmed.

HAWTHORNE, J., takes no part.