Plaintiff, a resident of Natchitoches Parish, Louisiana, instituted this suit in the district court of that parish, against C.J. Ellington, a resident of Rapides. Parish, Louisiana, to recover wages allegedly due and owing to him for labor performed at the sawmill of defendant, which is located in the Parish of Natchitoches. Defendant challenged the right of plaintiff to sue him on said cause of action in Natchitoches Parish, since he was a resident of and domiciled in Rapides Parish and excepted to the court's jurisdiction ratione personae.
The plea was sustained on the face of the record. From a judgment dismissing the suit, plaintiff appealed.
The general rule governing the venue of civil suits is expressed in. Article 162 of the Code of Practice. It reads:
"It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, and shall not be permitted to elect any other domicile or residence for the purpose of being sued, but this rule is subject to those exceptions expressly provided for by law."
As stated therein, there are certain exceptions to the rule which have been ordained by law. Most of these are contained in Articles 163, 164 and 165 of the Code of Practice and express amendments thereto. However, plaintiff does not rely upon any of these exceptions, but does rely upon the exception established by Act 16 of 1886 which reads as follows:
"That parties holding claims against any citizen of this State for labor performed, or for supplies or materials furnished, or for improvements made upon any farm or plantation, or real estate, are hereby authorized to institute suit for the recovery of such *Page 66 
claims before any competent court having territorial jurisdiction of the property, whether the owner be domiciled or not in the parish where the property is situated."
He argues that the wages for which he sued, accrued to him for "labor performed" on real estate, to-wit: the sawmill, and, therefore, the act is applicable and provides ground for the court of Natchitoches Parish to entertain jurisdiction of the suit.
The precise character of labor performed by plaintiff is not disclosed by the petition. It is alleged that the amount for which he sued is "due for services as a laborer in the employ of the said C.J. Ellington" and he additionally alleged:
"That the commercial business of the said C.J. Ellington in the operation of the sawmill, and manufacture and sales of lumbers, at the place in which your petitioner performed the services in his employment, as a laborer for the said C.J. Ellington, was in, or near, Clear Lake, Parish of Natchitoches, Louisiana, where your petitioner performed such labors * * *."
It is clear from these allegations that the sawmill of the defendant had been completed and was in operation when plaintiff worked for him. Plaintiff could have have labored as a truck driver, log cutter, lumber stacker, or could have performed some other heavy work at or about the mill, yet he would not have rendered service "for improvements made upon * * * real estate."
The act of 1886 is free of ambiguity. The beneficent purpose it is designed to accomplish is made clear by the language therein employed. It was adopted to protect two classes of persons, to-wit: those who labor and those who furnish materials and supplies to make improvements upon lands. In effect, it accords to such persons the option of entering suit in the court having territorial jurisdiction of the property, regardless of the location of the domicile of the owner, to recover what is due and owing to them, or to sue the owner in the court of his own domicile.
[1, 2] Statutes dealing with jurisdictional questions, such as that of 1886, which derogate from the general rule that one must be sued before the court of his own domicile, have to be strictly construed. The litigant who claims the right to come within the provisions of such a statute must clearly prove his position. Plaintiff has not succeeded in doing this. See: Boyett v. King, La. App., 180 So. 168; Glover v. Mayer,209 La. 599-607, 25 So.2d 242.
We are clear in the opinion that the lower court properly declined to take jurisdiction of this case, and, for the reasons herein assigned, the judgment appealed from is affirmed with costs.