286 So.2d 166 (1973)
Clarence DUHON, Appellant,
v.
LAFAYETTE GENERAL HOSPITAL et al., Appellees.
No. 4351.
Court of Appeal of Louisiana, Third Circuit.
November 30, 1973.
*167 Domengeaux & Wright by William Rutledge, Lafayette, for appellant.
Davidson, Meaux, Onebane & Donohoe by J. J. Davidson, III, Lafayette, for appellee, Dr. G. A. Beaullieu.
Pugh & Boudreaux by Charles J. Boudreaux, Lafayette, for appellee, Dr. Roy Lasalle.
Kenneth W. Cole and Raymond M. Allen, Lafayette, for appellee, Lafayette Gen. Hospital.
Before FRUGÉ, SAVOY, and PONDER, JJ.
SAVOY, Judge.
Plaintiff, Clarence J. Duhon, filed this damage suit against defendants, Lafayette General Hospital, Dr. Roy G. Lasalle, and Dr. G. A. Beaullieu. The hospitals exception of prescription and the doctor's exceptions of venue to this suit were sustained by the trial judge. From these judgments, *168 plaintiff devolutively appealed to this court. We affirm the judgments of the lower court.
This damage suit was filed by plaintiff in Lafayette Parish, Louisiana, against the hospital and two doctors, alleging they were joint tort feasors because of their negligence for inadequate tests, observation, clinical examinations and history, generating an improper diagnosis, failure to administer care properly and timely, failure to seek timely consultation and failure to use proper safeguards to prevent plaintiff from falling out of bed. The doctors filed exceptions of improper venue since they both lived and practiced medicine in Iberia Parish, Louisiana, were both domiciled in that Parish and had had no contact with plaintiff except in Iberia Parish, Louisiana. Subsequent to the exceptions filed by the doctors, plaintiff amended his petition alleging that since he sustained damages in Lafayette Parish, Louisiana, the doctors could be sued in that Parish under Article 74 of the Louisiana Code of Civil Procedure. Drs. Beaullieu and Lasalle each filed an exception of improper venue to the plaintiff's supplemental petition. The hospital answered plaintiff's original and supplemental and amending petition, and then filed an exception of prescription.
After a hearing on the exceptions of venue and prescription, the district judge maintained all of the exceptions and dismissed plaintiff's suit as to all defendants. Plaintiff appealed.
The issues before the court are:
1) Did the trial judge properly maintain the exception of venue filed by Drs. Beaullieu and Lasalle?
2) Did the trial judge properly maintain the exception of prescription filed by the hospital?
Our review is first directed to the ruling of the district judge on the exception of venue.
Counsel for plaintiffs argued that the trial judge committed error for two reasons: 1) Since all parties are joint tort feasors, he could sue them all in Lafayette Parish. 2) That the action being one in tort, the action may be brought in the Parish where the wrongful act occurred or in the Parish where the damages were incurred.
We will discuss first whether the defendants are joint tort feasors. The definition of a joint tort feasor is found in Article 2324 of the Louisiana Civil Code as follows:
"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable in solido, with that person, for the damage caused by such act."
Dr. Beaullieu testified that plaintiff called him complaining of pain in his back and legs. Dr. Beaullieu recommended to plaintiff that he should be examined by a specialist as he (Dr. Beaullieu) could not and would not handle the case; which statement plaintiff verified the doctor had made. Dr. Beaullieu prescribed medication for plaintiff and scheduled an appointment for him with a specialist in Lafayette. Dr. Lasalle, covering for Dr. Beaullieu on his night off, saw plaintiff only once; in the hospital in New Iberia the day before he went to the specialist in Lafayette. He prescribed medication while plaintiff was in the hospital in New Iberia. Neither of the doctors had anything to do with the admission of plaintiff to the hospital or examined or treated him in any way in the Parish of Lafayette. Plaintiff's alleged cause of action against the doctors is one in tort for medical malpractice. Plaintiff's suit against the hospital was based on the fact that they were negligent in allowing him to fall out of bed. The evidence reveals that the doctors and hospital did not act together or assist each other in the commission of the alleged tort suffered by plaintiff. The contacts the doctors had with plaintiff were completely separate and *169 apart from plaintiff's connection with and treatment at the hospital. The actions of the doctors and hospital were independent of each other, each having separate dealings with the plaintiff. They did not act in concert to cause the alleged injury to plaintiff. Plaintiff may have a separate cause of action against the doctors, but he would have to file a suit against them at their own domicile. Since defendants are not joint tort feasors, venue proper for the hospital is improper for the doctors.
Plaintiff's second allegation of error by the trial judge in maintaining the exception of venue was his failure to follow the provisions of LSA-C.C.P. Article 74. This Article provides:
"An action for the recovery of damages for an offense or quasi offense may be brought in the Parish where the wrongful conduct occurred, or in the Parish where the damages were sustained."
This article is an exception to the general rule of venue which requires that a person domiciled in this state be sued at his domicile (LSA-C.C.P. Article 42(1)). If a plaintiff attempts to claim the benefit of an exception to the general rule enunciated in Article 42, he must bring himself clearly within the exception. Glover v. Mayer, 209 La. 599, 25 So.2d 242 (1946). The evidence revealed plaintiff failed to show the actions of the doctors caused damage to him in Lafayette Parish. Accordingly, we reject plaintiff's argument and affirm the trial judge's decision sustaining the exceptions of venue and dismissing the doctors from the suit.
Plaintiff also appealed the judgment of the trial court sustaining the hospital's exception of prescription. He argues the exception contained factual issues which went to the merits of his case, thus, the exception should be decided by a jury, as provided by Article 1731 of the Louisiana Code of Civil Procedure, and not by the trial judge alone. This argument was urged in Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328. Although this case concerned the peremptory exception of no right of action, the language of the court is applicable to our decision. The court stated:
"The plaintiff is not denied a trial by jury in Louisiana simply because, under our Code of Civil Procedure, certain issues of law are either required or permitted to be disposed of by the judge alone in advance of the trial of the case."
Since the peremptory exception of prescription is founded on law and does not go to the merits of the case, the trial judge alone could render a decision. Finkelstein v. American Insurance Co. of Newark, N. J., La.App., 58 So.2d 338 (La. App., 1 Cir. 1952); LeJeune v. Hebert, 6 Rob. 419; LaBarre v. Burton-Swartz Cypress Company, 126 La. 982, 53 So. 113.
As a second argument for reversal of the trial judge's decision on the exception of prescription, plaintiff urges the doctrine of Contra Non Valentum Agere Non Currit Praescriptio, which means that prescription does not run against a person who could not bring his suit. The Supreme Court in Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285, crystalized the jurisprudence on this subject matter as follows:
"The rule that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, applies only when such ignorance is not wilful and does not result from negligence, and the doctrine has been limited to cases where the debtor has concealed the fact of the obligation or has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the existence of the debt. See, Ayres v. New York Life Ins. Co., supra, 219 La. 945, 54 So.2d 409. Also, it is not necessary that the party have actual knowledge of the conditions as long as there is "constructive notice". Whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice *170 of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription." (Footnotes omitted.)
Applying this language to the facts of this case, we agree with the trial judge "that circumstances indicate that plaintiff had a basis for believing that perhaps he had been injured in the fall on December 16, 1969." Plaintiff and his wife testified that his wife was in the room when plaintiff fell and that she informed him of his fall a couple of days later. Also, Dr. Rivet informed plaintiff a second operation was needed to repair damage which could have been caused by plaintiff in his fall from bed. Plaintiff had sufficient facts to incite his attention and put him on guard and call for inquiry. Cartwright v. Chrysler Corporation, supra.
For the reasons assigned, judgment of the trial judge sustaining the exceptions of venue and prescription are affirmed. Costs are assessed against plaintiff-appellant.
Affirmed.