BREAUX, C. J.
The insured, Eugene Nolan, instituted this suit in the parish of Grant on an accident policy. His residence is in New Orleans. While he was in the parish of Grant, returning from a hunting and fishing trip, in a motor ear, a gun was discharged, the contents passing through his left leg, and he had to suffer its amputation. Averring that his accident was within the terms of the accident policy, he brought suit in the parish of Grant, in which he was wounded and lost his leg, for the sum of $5,600.
Defendant filed an exception of want of jurisdiction ratione person®, as its domicile is in the city of New Orleans.
The learned judge of the district court overruled the exception and maintained the jurisdiction of the court sitting in Grant.
The cause is before us on application for the writ before mentioned, to set aside the ruling of the district court, and to have it decreed that the court of the first instance is without jurisdiction.
No question but that under article 162 of the Code of Practice suit must be brought against the defendant at his domicile. There are exceptions to this rule. Act 22 of 1894 contains the exceptions. They relate, however, we take it, to policies of life, fire, and marine insurance, and provide as to these that the suit may be brought where the loss occurred. But this is the extent of the provision.
Act 108 of 1908 did not contain paragraph 10 of Act 22 of 1894. In 1910, however, by Act 44 of the Legislature, article 165 of the Code of Practice, par. 10, was made part of Act 44 of 1910.
In the last act, the paragraph was made to include the words: “Or beneficiary, or the domicile of the deceased.” To this addition we attach no importance. We only mention it in passing as it is referred to in argument. In all of this the evident purpose was to give to the one alleging personal injury, on policies before mentioned, the option to institute suit for damages at the place of loss. The Legislature adopted the classification, and, while there is similarity in accident insurance, it does not appear to us that the classi *318 fication includes accident insurance within its terms in so far as relates to jurisdiction provided for in paragraph 10 before mentioned. If the Legislature had intended to include the accident policies in the classification as above stated, it could easily have expressed its intention in that respect, but ex industria restricted the section to life, fire, and marine insurance as relates to jurisdiction.
We are of opinion that in matters of jurisdiction the intention should be clearly expressed. There should be no room for doubt. We will therefore adhere to the text as written. To life, fire, and marine insurance we must decline to add the words “accident insurance,” as these denote different insurance. When the words “accident insurance” are used, no one would understand that life insurance is meant, or marine, or fire. Life insurance relates to the recovery of an amount in case of death, and the other, accident policy, explains itself. Life insurance is generally for a larger amount than the accident policy provides. The premiums are larger; the amount for which the policy issues also. The terms of the policies are different. In restricting the meaning of paragraph 10, we cannot arrive at the conclusion that the purpose was to include other than the insurance specially designated by the name in the section.
For reasons stated, the writ issued is made peremptory and absolute, at- respondent’s costs.