BREAUX, C. J.
This is the second suit in which an amount is claimed arising from personal injury. In the first suit, an employe of plaintiff, Glen Rogers, recovered judgment against the plaintiff as employer for $7,500.
See Rogers v. Allen Lumber Co., 129 La. 900, 57 South. 166, 39 L. R. A. (N. S.) 202.
The company is in the hands of a receiver.
In the second suit, plaintiff, receiver, asked for judgment against the Home Life & Accident Insurance Company on an indemnifying policy issued by defendant to plaintiff as an employer who had insured against loss by accident for an amount which plaintiff alleged it had paid to its employe. It is a suit by the indemnitee against the indemnitor on a policy.
[1] The statement of the case is short, for it is not before the court on the merits. It is before the court on the question whether, the- court, sitting in and for the parish of Bienville, had jurisdiction.
The defendant has an authorized agent, and its declared domicile is in the nearby parish of Vernon. It has also complied with the law upon the subject of notice and service. It registered its charter in the office of the Secretary of State. Defendant has filed an exception to the jurisdiction of the court a qua.
It is well settled that a defendant fire insurance company may be sued at its domicile or where it has its principal agency, or in the parish where the loss occurred, or, in the case of life insurance, at the domicile of the deceased. “Where the loss occurred,” words of the statute, do not include “accident • insurance.” In speaking of life insurance or accident insurance, one never speaks of the place where the loss' occurred. The loss is-always understood as the loss of property insured.
Life insurance is not referred to generally in using the words “the place of the loss.”’ It would never occur to any one at all accustomed to precision in the use of language-to say of the death of the insured or in speaking of the accident the place of the loss. That is entirely unheard of. Obviously, by the expressions in the first paragraphs of’ section 10, No. 44, of the Statutes of 1910, the Legislature did not have in mind “accident insurance policies” ; that is in the first paragraph insurance is mentioned, and in the second paragraph the intention must have been to include life, marine, and fire insurance.
This proposition of learned counsel (defendant in exception) is that the paragraph in question includes all insurance.
In that case the word “insurance,” as used,, would assume an immense proportion unlimited in its extent.
Since the statutes which we have had to-review have been adopted, insurance has taken a very wide range. All of this would be included in the one word “insurance” in the-first paragraph of section 10, No. 44, Stat. 1910. It would include all the various losses to which men are subjected and against which they insure. It would then include-all policies of insurance — insurance of loans, of mortgages. Insurance is taking the place-which personal surety has filled, and there-are special companies organized to that end. The insurance companies deal with undertakings on contract and with offices and occupations of trust, both in public and private life, guaranteeing the fulfillment of contracts and indemnifying employers against defalcation of their servants. Fidelity in *371 surance becomes generally the work of special companies as well as casualty insurance. There is insurance of title to real estate, indemnifying for loss as well. A special department of insurance in charge of special companies. There is bad debts insurance, earthquake insurance, tornado insurance, insurance on loss on investment, loss or damage to baggage in transit, loss to pictures, loss of profit by fire, damages by explosion of steam boilers, another separate branch of insurance.
[4] Lately “social insurance” is being extensively organized. It covers insurance referred to under the head: Unemployment, old age pensions, mothers’ and orphans’ pensions, sickness, among others. All of these would be included, without reference to the subject.
But let us go a step further and take up the second paragraph of section 10, No. 44, Stat. 1910, which provides that in case of life insurance a defendant can be sued at the .domicile of the deceased or beneficiary, whether it be in the case of fire, marine, or life insurance. The statute is unquestionably inartfully drawn. To give it the effect for which defendant in exception contends, written as it is without the least transposition, is not possible. It is almost entirely meaningless. We have read somewhere, to the statute before cited might be given a meaning by transposing the words' as follows: In all suits on a policy of insurance, fire, marine, or life, the insurer may be sued at its domicile or its agency. In matter of life insurance, at late domicile of the deceased or insured.
[2] This, despite the transposition, is not very clear; still it is a little better than the original. We have inserted it here more particularly to add that in no way it includes the words “accident policy.” It evidently never was intended to include these last-cited words. That mode of insurance was in its infancy at the time. If this transposition manifests the intention, there may be transposition to ascertain a meaning.
We quote from Lewis’ Sutherland on Statutory Construction, § 386:
“Words, phrases, and sentences may be transposed when necessary to give effect to all the words in the statute and to carry out the manifest intent.”
See Eyre v. Harmon, 92 Cal. 580, 28 Pac. 779; People v. Sanitary District, 184 Ill. 597, 56 N. E. 953; Criswell v. Railway Co., 17 Mont. 189, 42 Pac. 767.
By transposition other than that before stated, it may be that the statute will be rendered clearer. But of this there is no question. The second paragraph which refers to life, marine, and fire insurance does not include accident insurance. One paragraph in that respect is as deficient as the other.
But it may be said that transposition may justify going a step further, and that we were at liberty to include the words “accident insurance.” This cannot he done. It would not be interpreting the legislative intent. There should not even be construction by implication in matter of jurisdiction. Implication is not favored where a general rule has been established by a statute and the purpose is to benefit by an exception. Sutherland, Statutory Construction, § 493.
[3] Furthermore, plaintiff in exception seeks a right which, if it exists at all, exists under an exception to the general law which requires that one must be sued before his own judge. Code of Practice, 162.
“The things to be effected” was limited; those things named include other things. The natural inference is that the application is not intended to be general. Insurance was named in this particular instance. Under this rule, the application was not intended to *373 be general as applying to all insurance. Sutherland, Statutory Construction, § 493.
The statute, after all, must have had a meaning. By construing it as we have, to the extent stated, it has a meaning. True, ■effect should be given to every part of a statute.
We find ourselves unable to conclude, after giving it all the effect we can, that it includes everything that can possibly become the subject of an aleatory contract and anything ■ and everything which can be insured.
The exception to the general rule should be clearly expressed. It is certainly not clearly expressed or not expressed at all in the statute that we had to interpret. Marine and life insurance are not accident insurance. We cannot hold that the court has jurisdiction. That question was before us in another decision. The parties defendant in the cited case and counsel all resided in the city of New Orleans. They chose to institute suit in the distant parish of Grant, where the policy holder met with an accident. The court held in that case that incongruities of the statute could not be made to cover “accident insurance”; that, as related to accident insurance, it was silent. Nolan v. N. O. Casualty Co., 132 La. 315, 61 South. 386.
This suit was instituted before this court had passed upon the last-cited case. The decision in the cited case was rendered after the present case had been decided by the lower court. It accounts for the ruling of that court, seemingly, in absence of a statement showing that the decision last cited had not been rendered.
For reasons stated, it is ordered, adjudged, and decreed that the judgment of the district court is avoided, annulled, and reversed at the costs of plaintiff and appellee. It is further ordered, adjudged, and decreed that the exception to the jurisdiction is sustained, and the case dismissed.