HIGGINS, Justice.
 

 The owner of a Pontiac coupé instituted this action in the Twenty-first judicial district court for the parish of Tangipahoa against the defendant insurance corporation to recover the sum of $684, under the terms of an insurance policy issued on June 15, 1934, containing clauses protecting the insured against loss from theft or fire.
 

 Articles 4 and 5 of the petition read as follows:
 

 “4.
 
 That on or about the 15th day of December, 1934, your petitioner’s brother, Tony Marretta, drove said car to the City of New Orleans, Louisiana, and parked and left same near the Saenger Theatre, intending to return and get said car in a short while. That when he returned to the point where he had parked said car it had been stolen, which fact he immediately reported to the police department of the City of New Orleans. That he, together with the police force, instituted a search and made every effort to recover said car, but without avail.
 

 “5. That shortly thereafter the car was found north of Areola (Tangipahoa Parish), Louisiana, having been stripped of some or all of its parts, and burned.”
 

 The defendant filed an exception to the jurisdiction of the court ratione personas on the ground that the company was not domiciled in the parish of Tangipahoa, nor was its principal agency established there, and that the petition affirmatively shows that the loss occurred in the parish of Orleans, where the theft took place.
 

 The exceptions were overruled, and defendant applied'to this court for writs of certiorari and prohibition. We issued a rule nisi, returnable on May 25, 1936, and the respondent judge made his return. The case was submitted and is before us for review.
 

 
 *525
 
 Paragraph 10 of article 165 of the Code of Practice reads as follows :
 

 “In all suits on a policy of fire, life, marine, or accident insurance or sick benefit insurance, the defendant may be sued at the domicile of the insurance company, or in the pláce where its principal agency is established, or in the parish where the loss occurred.”
 

 In interpreting this paragraph, prior to the year of 1914, this court, in the case of Nolan v. New Orleans Casualty Co. (In re New Orleans Casualty Co.), 132 La. 315, 61 So. 386, 387, said:
 

 “We are of opinion that in matters of jurisdiction the intention should be clearly expressed. There should be noN room for doubt. We will therefore adhere to the text as written. To life, fire, and marine insurance we must decline to add the words ‘accident insurance,’ as these denote different insurance. When the words ‘ac-' cident insurance’ are used, no one would understand that life insurance is meant, or marine, or fire. Life insurance relates to the recovery of an amount in case of death, and the other, accident policy, explains itself. Life insurance is generally for a larger amount than the accident policy provides. The premiums are larger; the amount for which the policy issues also. The terms of the policies are different.
 
 In restricting the meaning of paragraph 10, we cannot arrive at the conclusion that the purpose was to include other than the insurance specially designated by the name in
 
 the section.” (Italics ours.)
 

 Paragraph 10 of article 165 of the Code of Practice was amended by Act No. 71 of 1914, so as to include the suits on accident policies.
 

 In the case of Smythe et al. v. Home Life & Accident Ins. Co., 134 La. 368, 64 So. 142, 143, the rule was stated in the syllabus as follows:
 

 “Where there is a general law which provides that one must be sued before his own judge, one seeking to escape its effect by invoking a special statute must show clearly that the exception to the general law was intended and that it undoubtedly applies to the one against whom it is invoked.”
 

 A mere reading of the pertinent part of article 165 of the Code of Practice shows that a suit on an insurance policy to recover loss from theft is not included within the provisions of the article as amended. A careful study of the allegations of the petition show that this is essentially and fundamentally a suit to recover the loss resulting from the theft of the automobile. The allegations with reference to the stripping and burning of the car, which was found at Areola, parish of Tangipahoa, La., are merely incidental and for the purpose of showing that it was impossible for the insurance company to return the car and thereby avoid liability for the payment of the face value of the policy. While the statute covers suits for loss by fire, that provision is not applicable here, because, as we have stated, this is not an action under the fire coverage clause of the policy. We reiterate that the thought expressed in the petition is the assertion of a right of action for loss sustained through theft. The allegations of
 
 *527
 
 the petition expressly set forth that the theft took place in the city of New Orleans and, of course, that is the parish in which the loss occurred. Consequently, the Twenty-First judicial district court for the parish of Tangipahoa is without jurisdiction ratione persons of the defendant. The exception is well founded, and should have been sustained.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the rule nisi be made absolute, the writs perpetuated, the exception to the jurisdiction of the court ratione personas sustained, and the plaintiff’s suit dismissed at his costs.
 

 O’NIELL, C. J., recused.