O’NIELL, Chief Justice.
 

 The plaintiff, who is domiciled in Jefferson Davis Parish, brought this suit in the District Court in Iberia Parish, against four defendants who are domiciled in Orleans Parish, for $22,750, claimed as the balance due on a contract for the drilling of an oil well in Iberia Parish. The plaintiff "prayed for a judgment against the defendants in solido, and prayed for and obtained a provisional seizure of' the well and the lease on which it was drilled, and the drilling equipment. He prayed also for recognition of the lien granted by Act No. 145 of 1934. The defendants filed an exception to the jurisdiction of the court ratione persons. The exception was sustained as far as the demand for a personal judgment was concerned. The defendants refrained from answering or making any further appearance in the case; and, in consequence, a judgment in rem was rendered against them by default — the judgment being exigible only against the .oil well and lease,' and the drilling 'equipment, which were provisionally seized, and on which the plaintiff claimed the lien under Act No. 145 of 1934. ‘The plaintiff is appealing from the judgment sustaining the exception to the jurisdiction of the court, ratione persons, and dismissing the plaintiff’s demand for a judgment against the defendants personally.
 

 The only question is whether one who' has a claim for labor performed or for services rendered, or for material furnished, in. the drilling of a well, is entitled, .under Act No. 145 of 1934, to have a personal judgment rendered, against the debtor in the parish in which the well is located, or is entitled only to enforce his lien by a proceeding in rem, in that parish, if the debtor has his domicile elsewhere.
 

 Act No. 145 of 1934, which superseded Act No. 161 of 1932, creates a lien in favor of one who has a claim for- labor performed or for- service's rendered, or for material furnished, in the drilling or op
 
 *777
 
 erating of a well for oil or gas or water, on the well and on the lease on which it is located, and on all of the machinery, tanks and other equipment on the lease. The lien in favor of laborers is said to be superior in rank to the lien granted to materialmen and others. The 4th section of the act declares that anyone having the lien, and suing for wages, or for whatever is due him for labor performed or for services rendered, or for material furnished, shall have the right to a provisional seizure of the well or wells and the lease and the equipment thereon. The. 5th section, on which the plaintiff relies, declares that the venue or jurisdiction of “any suit under this Act” may, at the option of the plaintiff, be in the parish in which is located any well on which the plaintiff has a lien, or in the parish of the domicile or principal place of business of the defendant, or at the domicile of the defendant’s agent for service of process. Obviously, this reference to the domicile of the defendant’s agent for service of process relates only to suits against foreign corporations.
 

 We concur in the opinion of the judge of the district court that the phrase “any suit under this act” means a suit merely to enforce the lien created .by the act, if the suit is instituted in another parish than that in which the defendant has his domicile. Article 129 of the Code of Practice declares that a district court has no jurisdiction of a suit against' a person residing in the state but outside of the parish where the court is held, except in the cases expressly provided for. Article 162 declares that it is a general rule that, in civil cases, one may be sued only before the judge having jurisdiction over the place where the defendant has his domicile or residence; and this article declares that the rule is subject only to the exceptions expressly provided for by law. The exceptions to the rule are enumerated in articles 163, 164 and 165. Among the exceptions mentioned in article 163 is the exception of “all cases of provisional seizure or sequestration,” in which cases the suit may be brought in the parish in which the property provisionally seized or sequestered is located or found, although the defendant may have his domicile elsewhere; “provided, that all judgments rendered in such cases shall only be operative up to the 'value of the property proceeded against, and not binding for any excess over the value of the property in personam against the defendant.”
 

 The object of Act No. 145 of 1934 was to create the lien and to provide for its enforcement. There was no reason for amending article 163 of the Code of Practice so as to allow the judge to render a personal judgment against a defendant domiciled outside of the territorial jurisdiction of the court, in a case where prop-erty is provisionally seized within the territorial jurisdiction of the court. It is well settled, and is conceded by counsel for the plaintiff in this case, that a statute should not be so construed as to amend article 163 of the Code of Practice, so as to allow a judgment in personam to be taken by default against a person whose domicile is not within the territorial ju
 
 *779
 
 risdiction of the court — unless the statute plainly makes the amendment and adds the exception in unmistakable terms. Nolan v. New Orleans Casualty Co., 132 La. 315, 61 So. 386; Smythe v. Home Life & Accident Insurance Co., 134 La. 368, 64 So. 142. In the latter case the court said:
 

 “Where there is a general law which provides that one must be sued before his own judge,' one seeking to escape its effect by invoking a special statute must show clearly that the exception to the general law was intended and that it undoubtedly applies to the one against whom it is invoked.”
 

 The question presented in this case was decided by the Court of Appeal for the Second Circuit in Young v. Reed, 157 So. 809, with reference to Act No. 161 of 1932. The act of 1932 was very similar to Act No. 145 of 1934, the 5th section in each act being worded almost identically the sarqe., and in substance exactly the same. In Young v. Reed, the plaintiff brought his suit in Bossier Parish, against three defendants, one residing in Caddo Parish and two residing in Natchitoches Parish, to recover the balance due on a contract for drilling an oil well in Bossier Parish. The plaintiff prayed for recognition of a lien, under the act of 1932, and obtained a provisional seizure of the drilling rig, which had been moved into Red River Parish. The defendants who resided in Natchitoches Parish excepted to the jurisdiction of the court, ratione personae. The exception was overruled by the judge of the district court, and a judgment was rendered against the exceptors in personam. On appeal the judgment was amended so as' to make it a judgment in rem, exigible only against the property that was subject to the lien. The plaintiff applied to this court for a writ of review, and assigned as error only the one complaint, that the court of appeal erred in holding that the district court in Bossier Parish did not have jurisdiction, under the 5th section of Act No. 161 of 1932, to render a judgment in personam against the debtors residing in Natchitoches Parish. The 5th section of the statute gave the creditor the right to bring his suit in the parish “where the work was done or the labor was performed, or material and supplies furnished.” In that case the work was done and the material furnished in Bossier Parish. This court refused to issue a writ of review, and gave as its reason for the refusal that the judgment of the Court of Appeal was correct. Thereafter the Court of Appeal adhered to the doctrine of Young v. Reed in two cases, namely, Blankenship v. Stovall, 159 So. 477, and Ford v. Baird Bros., 161 So. 45. In the course of the opinion in Young v. Reed, the court of appeal construed the 5th section of the statute thus [page 811]:
 

 “There is nothing in the act outside of the disputed section that can be construed as conferring any such jurisdiction. There is no mention of a personal action or an intention to amend article 163 of the Code of Practice. * * *
 

 “A personal action is not a method or means of enforcing a lien. It is not essential, incidental, or germane thereto. * * * There being no express provision
 
 *781
 
 in the act granting an action in personam, and under the above rule no reason to so construe it, we find that section 5-does not, and that the Legislature did not intend that it should, confer any personal jurisdiction over nonresidents.”
 

 In Young v. Reed the defendants contended that, if the act of 1932 should be construed so as to give a district court authority to render a personal judgment against a person domiciled outside of the territorial jurisdiction of the court, the statute would be violative of section 16 of article 3 of the Constitution, requiring that a statute shall have only one object and shall have a title indicative of that object. The title of the act of 1932 did not contain the expression which is in the title of the act of 1934, “fixing the venue of suits filed under this Act.” That change, however, in the title of the statute could not have been prompted by the decision that was rendered in Young v. Reed because the decision was rendered in December, 1934 — after the adjournment of the session of the Legislature in which the act of 1934 was adopted. It is argued for the defendants in this case that, if the act of 1934 should be - construed so as to amend article 163 of the Code of Practice — by authorizing a district court to render a personal judgment by default against a person residing in this state and outside of the territorial jurisdiction of the court —the statute would have two distinct objects, the main object being to create the lien, and hence that the statute would be violative of section 16 of article 3 of the Constitution. Our construction of the statute makes it unnecessary to decide whether the statute would be unconstitutional if construed the other way.
 

 It was contended .for the plaintiff in Young v. Reed that, if the 5th section of Act No. 161 of 1932 did not amend article 163 of the Code of Practice so as to allow the taking of a judgment in personam, by default, against a person residing outside of the territorial jurisdiction Of the court, the 5th section of the act had no purpose or effect whatever, because article 163 of the Code of Practice allows the taking of a judgment in rem, by default, against a person residing outside of the territorial jurisdiction of the court, in cases where property belonging to the defendant is provisionally seized or sequestered. The court of appeal answered the argument by pointing out that, according to article 163 of the Code of Practice, if the suit is not instituted at the domicile of the defendant, the action in rem cannot be instituted anywhere else but “within the jurisdiction where the property * * * provisionally seized or sequestered is situated or found.” The 5th section of Act No. 161 of 1932 allowed the action in rem to be instituted “in the parish where the work was done or the labor was performed, or material and supplies furnished.” The writ of provisional seizure which was allowed by the 4th section of the act of 1932 — and which is allowed likewise in the 4th section of the act of 1934 — authorizes a seizure of the property affected by the lien in any parish into which the prop
 
 *783
 
 erty may have been moved. The 5th section of the act of 1934 — substantially like the 5th section of the act of 1932 — allows the action in rem to be instituted in the parish in which any well on which the plaintiff has the lien is located. That is an advantage to the lien holder if he resides in the parish in which the well is located, or the parish in which the work was done or the material was furnished; and the advantage, in such a case, is one which is not given by article 163 of the Code of Practice, in cases where some of the property affected by the lien may be located in another parish — as in the case of Young v. Reed.
 

 Our decision in this case is not controlled by our having refused to grant a writ of review in Young v. Reed.. A refusal to review a judgment of one of the courts of appeal, even on the ground that we consider the judgment correct, is not necessarily an affirmance of all that is said in the opinion of the court of appeal. Our decision in this case rests upon our opinion that .Act No. 145 of 1934 does not in plain terms make such an exception to the general rule stated in articles 129 and 162 of the Code of Practice as to allow a judgment in personam to be taken by default against a defendant who has his domicile outside of the territorial jurisdiction of the court; hence we rest our decision upon the doctrine of Nolan v. New Orleans Casualty Co., 132 La. 315, 61 So. 386, and Smythe v. Home Life & Accident Insurance Co., 134 La. 368, 64 So. 142 — which we have quoted.
 

 The judgment is affirmed.