Plaintiff is a resident of Union Parish. Defendant is a resident of Sabine Parish. During the year 1940 plaintiff was engaged in the manufacture of staves from oak timber in Union Parish, and interested defendant in the purchase from him of a large quantity of staves, supposed to have been 6,200, then on the railroad at Spencer Station in said parish. It developed, however, that the quantity of staves was 450 less than represented. Deduction from the total price on the basis of the shortage was made by defendant and the balance distributed to plaintiff and holders of liens against the staves.
At that time plaintiff was manufacturing staves from land owned by the Estate of George W. James, deceased, in Union Parish, under a verbal contract, and he assigned his rights thereunder to defendant who engaged plaintiff and others to make staves from said lands. Misunderstandings between the parties arose and this suit followed. It was instituted in the District Court of Union Parish. Plaintiff sues upon four different items of alleged indebtedness, to-wit:
Commission of one cent per stave on 4,728 staves as per alleged agreement .................... $ 47.38 Labor — 506 staves at $80.00 per m .................. 40.48 Price of 450 staves at 15¢ each ...................... 67.50 Labor claim of Joe Boyt assigned to plaintiff ........ 33.15 -------- Total ............................................ $188.51
Prior to filing the petition, plaintiff provoked the issuance of a writ of sequestration and some staves were seized thereunder, the number not being shown by the testimony nor disclosed from the seizure papers. He asserted a lien and privilege upon the staves.
Defendant declined the court's jurisdiction ratione personae, but was overruled. Reserving his rights thereunder, he answered. He denies practically all of the allegations of the petition but admits owing plaintiff $31.41, which includes $22, the amount, he says, is due on the Boyt labor claim. This amount, that is, the $31.41, was tendered the day of trial and deposited in the court's register with the declaration that defendant assumed payment of all costs to that time.
The sequestered staves were released to defendant after he had deposited in the sheriff's hands $282.76 in cash, and by agreement of counsel this amount is to be considered as having been accepted in lieu of release bond.
The estate of George W. James, deceased, intervened and asserted a superior lien upon the seized staves, that of vendor, to the amount of $140 and prayed to be paid this amount by preference and priority from the money in the hands of the sheriff.
The court gave judgment for $177.36 and recognized and maintained the writ of sequestration. This amount was arrived at by holding that the true amount of the Joe Boyt claim was $22 as contended by defendant instead of $33.15 as claimed by plaintiff. The intervention was dismissed as in case of nonsuit. Defendant only appealed. Plaintiff has not answered the appeal and does not here complain of the judgment. As the intervenor did not appeal, the issues tendered by the intervention are not before us.
The learned trial judge, in written reasons for judgment, says: "The pleadings clearly present the issues, but the testimony offered by the parties to the suit is so confused, conflicting, and contradictory as to make it impossible to reach definite conclusions on the issues. That is true after hearing all of the witnesses and then after reading the transcript of their testimony. Because of this situation I shall not undertake to analyze the testimony. I have heretofore tried to analyze it with most unsatisfactory results."
After reading the record carefully, we readily understand the court's mental reaction reflected from this quotation. *Page 76 
The confusion and uncertainty mainly arose from the fact that plaintiff is a Slavonian and speaks very imperfectly the English language. He experiences much difficulty in making himself understood; also, he testified from recollection after more than two years had elapsed. His testimony unquestionably shows that he has forgotten very many of the true facts.
Since the defendant is domiciled in Sabine Parish and has not at any time, so far as the record discloses, maintained residence in Union Parish, an in rem judgment, if any, may only be rendered against him. Code of Practice, 163, as amended by Act 64 of 1876. In other words, as to any item or items sued for, unless payment thereof is secured by a lien or privilege, the court was without jurisdiction ratione personae. Enforcement of such unsecured items lies only in the court of defendant's domicile. D.R. Carroll v. George W. Bancker et al., 43 La.Ann. 1078, 1194, 10 So. 187; J.J. Stovall Sons, Ltd. v. Hubier, 143 La. 1028, 79 So. 830; Rhodes v. Chrysanthou et al., 191 La. 774, 186 So. 333; Robin v. J. Thomas Driscoll, Inc., La.App., 197 So. 307.
We know of no law and have been cited to none that accords a lien or privilege upon any property of an obligor as security for payment of a commission of the character plaintiff asserts and sues for. He testified that defendant agreed to pay him one cent cash for each stave manufactured from the James timber as compensation "for the delivery of people (laborers) to the woods, and from the woods back home to camp and furnishing tools and saws and boats to go across the water."
As has been repeatedly said and held, privileges are in derogation of common rights, and are stricti juris. To warrant holding that payment of a particular debt is secured by a privilege established by special statute, the proof in support thereof must be very clear and free of doubt.
It appears that the shortage in the number of staves at Spencer Station was discovered when they were loaded into a freight car. Plaintiff at once offered to make the shortage good by hauling 450 staves from the woods. This quantity was loaded on to a truck and started toward Spencer Station, to reach which the Bayou D'Arbonne had to be ferried. The ferry craft sank with the staves thereon. They were afterward salvaged and piled upon the bank and were again moved a short distance away but were never delivered to the station.
Plaintiff contends that these staves were accepted by defendant and that he owes the price thereof; and in support of this position points to the fact that defendant paid for having the staves salvaged. He also contends that defendant authorized a man to do the salvaging but this issue is sharply controverted and made uncertain by the testimony. Defendant admits paying the man for salvaging the staves the sum of $9 and charged the amount to plaintiff's account. He denies stoutly that he authorized anyone to do the salvaging. We do not think it necessary to definitely make a decision on this question.
It does not appear that the mentioned 450 staves were sequestered. It is shown that all the staves seized were released by the sheriff to defendant and moved by him. Plaintiff testified that the 450 staves at time of trial were still on or near the bank of the D'Arbonne. This was over two years subsequent to the seizure. Granting that defendant accepted the staves without delivery thereof at the station, to maintain suit against him for the price in Union Parish, a seizure of the staves was indispensable. The operative effect of the vendor's lien could not be transferred to other staves.
Defendant admits the purchase from plaintiff of the 506 staves at eight cents each, but contends that he paid the price prior to institution of this suit. The lower court ruled against him on this issue, holding that he carried the burden of proof thereon and had not discharged it. We concur in this ruling. These staves were sequestered.
Defendant, as said before, admits owing $22 on the Boyt claim. The testimony shows that the staves Boyt's labor produced or assisted in producing were also sequestered. It also shows that he assigned to plaintiff his rights appertaining thereto.
For the reasons herein assigned, the judgment appealed from is amended by reducing the principal amount thereof to $62.48, and as thus amended, said judgment is affirmed. The costs of appeal are assessed against plaintiff. *Page 77