McBRIDE, Judge.
Plaintiffs filed this suit against Hemen-way Furniture Company, Inc., allegedly a:
“ * * * Louisiana corporation, domiciled in the City of Shreveport, State of Louisiana, which corporation presently conducts and has conducted for the past twelve (12) years a principal place of business in the City of New Orleans, State of Louisiana, *
for a large amount as damages ex con-tractu, arising out of the alleged violation by defendant of the provisions of a lease entered into by plaintiffs as lessors and defendant as lessee, commencing July 1, 1951, and expiring June 30, 1961, to which defendant interposed an exception to the venue and to the jurisdiction ratione personae of the court which was maintained, and the judgment dismissing the suit has been appealed from by plaintiffs.
*165 The exceptor’s position is that foras-much as its corporate domicile is at Shreveport, Caddo Parish, this suit filed in New Orleans was brought in an improper venue and that as a result the court has no jurisdiction ratione personae over defendant.
The general rule of venue is that an action against a domestic corporation shall be brought in the parish where its registered office is located. LSA-C.C.P. arts. 42(2) and 5251(12). However, such general rule is subject to those exceptions provided in Arts. 71 through 83, or as otherwise provided by law. Art. 43, L.S. A.-C.C.P. An action for the recovery of damages for an offense or quasi-offense may be brought in the parish where the wrongful conduct occurred or in the parish where the damages were sustained. Art. 74, LSA-C.C.P.
It is provided by Art. 77, LSA-C.C.P.:
“An action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located.”
The jurisprudence is well established to the effect that the exceptions provided by law which permit the institution of suits in places other than that of a defendant’s domicile are in derogation of common rights and must be strictly construed and are applicable only to cases which come plainly within those provisions. Glover v. Mayer, 209 La. 599, 25 So.2d 242; Tripani v. Meraux, 184 La. 66, 165 So. 453; Smythe v. Home Life & Accident Ins. Co., 134 La. 368, 64 So. 142; Gibbs v. Stanfill, La.App., 94 So.2d 582.
Appellants concede that the exception contained in Art. 74, LSA-C.C.P., is not applicable because the suit is not one for damages for an offense or quasi-offense, but they contend that defendant’s exception should not have been maintained in view of Art. 77, LSA-C.C.P., which furnishes an exception to the general rule of venue by permitting a person having a business office or establishment in a parish other than his domicile to be sued in the parish where said other office or establishment is located on a matter over which this office or establishment had supervision.
.Certain testimony was adduced at the trial of the exception, from which it appears that the premises 522 Bourbon Street, the subject of the lease, were utilized by defendant in connection with its antique and fine arts store then being operated in abutting property'situated on Royal Street. The venture proved unprofitable and the entire stock of the Royal Street store was liquidated and the establishment closed on November 30, 1953. Thereafter defendant, having no further use for the leased premises, sublet the same to a subtenant who occupied the premises until the termination of the lease on June 30, 1961.
The testimony also shows these facts: Both the original lease and the sublease were confected by defendant’s president in Shreveport; all rentals were paid by the Shreveport office and all rents from the sublease were collected by a local realtor who made remittance thereof to the Shreveport office. The taxes for which defendant was obligated under the terms of the lease were paid from Shreveport, and insurance on the property was maintained in force and the premiums therefor were paid by the Shreveport office. The management of the premises 522 Bourbon Street was vested in the Shreveport office.. .
Hemenway Furniture Company, Inc., now maintains two retail furniture stores or outlets in New Orleans, one at 1755 St. Charles Avenue and the other at 1330' St. Charles Avenue. The former has been in existence since April 1, 1956, and the latter since about 1959. Therefore, defendant’s present establishments in New Orleans were opened subsequent to the closure of its Royal Street antique and fine arts store on November 30, 1953.
*166 From the circumstances surrounding the past and present operation of defendant’s business in New Orleans, the only conclusion we can come to is that defendant has no business office or establishment in New Orleans having supervision over the matter which gave rise to plaintiffs’ claim. Even if it could be said that the Royal Street office had supervision, that establishment was closed in 19S3 and the present stores came into being only subsequently. The venue was improper and the Civil District Court for the Parish of Orleans had no jurisdiction ratione personae over defendant, and therefore the exception was correctly maintained.
For the above reasons, the judgment appealed from is affirmed.
Affirmed.