REGAN, Judge.
The plaintiff, Sam J. Recile, filed this suit against the defendants, Elmer G. Wei-gel, Mrs. Ello deBlanc Mayronne, and Mrs. Alice Mayronne Moore, endeavoring to recover the sum of $12,750.00, together with 20% attorney’s fees, representing a .10% deposit which the plaintiff made with Wei-gel, a realtor, upon the execution of an offer to purchase certain immovable property from Mrs. Mayronne and Mrs. Moore.
The defendants pleaded exceptions to the jurisdiction of the court rationae personae and of improper venue. The latter declinatory exception was predicated on their conclusion that none of the defendants were domiciled in Orleans Parish, nor did they maintain an office or business establishment therein.
The lower court rendered judgment sustaining the defendants’ exception of improper venue, and from that judgment, the plaintiff has prosecuted this appeal.
In this court, the defendants have filed a motion to dismiss the appeal predicated on the hypothesis that the lower court’s judgment, which ordered the case transferred to the Twenty Fourth Judicial District Court, was an interlocutory decree, and thus not appealable, in the absence of a showing of irreparable injury.
We pretermit a determination of the validity of the motion to dismiss, since an analysis of the record discloses that the lower court was correct in sustaining the defendants’ exception, and whenever it is judicially feasible, we prefer to decide a case of this nature on its merits.
The record reveals that the three defendants named in this suit are all domiciled in the Parish of Jefferson. Moreover, it is clear that Elmer G. Weigel, a realtor, does not have an office in Orleans Parish.
The sole basis for the plaintiff’s contention that Orleans Parish is the proper venue for this suit, emanates from the rationale of Article 77 of the Code of Civil Procedure, which reads:
“An action against a person having a business office or establishment in a parish other than that where he may be *638 sued under Article 42, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located.”
The plaintiff concedes that the general rule of venue, contained in Article 42 of the Code of Civil Procedure, is to the effect that an action ordinarily must be brought at the domicile of the defendants. However, he insists that the evidence adduced at the trial of the exceptions discloses that Mrs. Mayronne and Mrs. Moore maintained a business office or establishment at the office of Mrs. Mayronne’s son, 2106-225 Baronne Street, and that this office had supervision over the subject matter of this lawsuit; therefore, these extraordinary facts are encompassed by the rationale of Article 77 of the Code of Civil Procedure.
Obviously, the only question posed for our consideration is one of fact and that is whether the defendants, Mrs. Mayronne and Mrs. Moore, maintained a business office at the foregoing address in Orleans Parish which had supervision over the property which forms the subject matter of the agreement upon which the plaintiff has predicated this suit for return of his deposit.
The record discloses that the property originally was owned by the Mayronne Lumber and Supply Company, Inc., the liquidation of which had been completed two day prior to the execution of the agreement to purchase at which time Mrs. Mayronne and Mrs. Moore were placed in possession thereof. Originally, the contract was drawn as an offer to purchase from the 'Corporation. However, in order to avoid double taxation on any capital gain realized from the sale of the property, the names of Mrs. Mayronne and Mrs. Moore, who, as we have said, were placed in possession of the property as owners upon liquidation of the Corporation, were substituted for the Corporation. Inserted beneath their respective names on the agreement to purchase was the address “q/o 2106-225 Baronne Street, New Orleans, La. 70112”. In addition thereto, the contract was changed in order to establish a fixed selling price, in lieu of an arrangement whereby the price would be determined upon a square-foot basis pending a survey of the property.
The record is clear to the effect that these changes in the agreement were made by Robert F. Rodstrom, an attorney and certified public accountant, who was engaged as a full time employee of Rubin W. Mayronne, Jr., the son and cousin respectively of Mrs. Mayronne and Mrs. Moore.
In response to a subpoena duces tecum, numerous files were produced containing documents relating to various property owned by Mrs. Mayronne. It is true that Mrs. Mayronne was somewhat confused upon being interrogated as to the reason for the location of these files in her son’s office; however, the record explains with clarity that her son possessed a substantial interest in all of these properties and administered them in his own behalf. Moreover, Mrs. Mayronne often acted as an accommodation party on loans for her son, and the information which was required by the various banks involved in connection therewith was maintained in her son’s office.
The evidence adduced herein further reveals that neither Mrs. Mayronne nor Mrs. Moore paid any rent for the office, nor had they visited the office more than once or twice. Their primary contact therewith consisted of communications with Robert Rodstrom concerning the liquidation of the Mayronne Lumber and Supply Company, Inc., of which they were the principal stockholders and of which he was the liquidator.
The fact that the address, “c/o 2106-225 Baronne Street”, was placed beneath the names of Mrs. Mayronne and Mrs. *639 Moore on the agreement to purchase is of no significance. The whole tenor of the record convinces us that this address was inserted apparently for the convenience of Rodstrom, their legal advisor in this instance, and not because it represented the business office of these defendants.
The circumstances and pertinent characteristics hereof are encompassed by the rationale emanating from the case of An-glade v. Hemenway Furniture Company, Inc.[1] wherein this court reasoned that the exception contained in Article 77 of the Code of Civil Procedure which permits the institution of a suit in a place other than the defendant’s domicile is in derogation of common rights, and therefore, it must be strictly construed and is applicable only to those cases which clearly fall within its provisions.[2]
In this case, the only connection which the defendants maintain with the office of Rubin W. Mayronne, Jr., in Orleans Parish was the fact that their papers were filed therein for the convenience of Mayronne, that a full time employee of Mayronne, that is, Rodstrom, effected certain changes in the agreement to purchase, and that the same employee served as liquidator of the company in which Mrs. Mayronne and Mrs. Moore possessed a substantial interest.
Obviously, the foregoing facts do not prove, with that certainty required by law, that the office was maintained by the defendants or that it possessed supervision over the subject matter which forms an issue herein. On the contrary, the defendants who own the property reside in Jefferson Parish, the land is located there, and they executed the agreement there. Consequently, we are of the inevitable opinion that the lower court reasoned correctly in sustaining the defendants’ exception to the venue of this suit.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs of this appeal; all other costs are to await final determination hereof.
Affirmed.

. 151 So.2d 164 (La.App.1963).

. See Smythe v. Home Life & Accident Insurance Co., 134 La. 368, 64 So. 142 (1914); Glover v. Mayer, 209 La. 599, 25 So.2d 242 (1946); and Gibbs v. Stanfill, 94 So.2d 582 (La.App.1957).