FRUGÉ, Judge.
This is a suit based on a written contract. The contract involved the excavation of dirt by the defendant, Campbell Construction Company, from property owned by the plaintiff, Vernon R. Cormier. The contract required that upon cessation of excavation, defendant construction company was to build a “chain-link fence” around excavated area. The merits of this suit essentially concern the determination of what kind of fence was required under the contract.
Defendant filed a declinatory exception of improper venue to the suit because Campbell Construction did not have its domicile in Calcasieu Parish. Campbell Construction Company is a Louisiana corporation domiciled at Shreveport, Caddo Parish, Louisiana, with a registered office in East Baton Rouge Parish, Louisiana. The trial judge ruled that the court had venue under Article 77 and proceeded to try the suit after overruling the exception. A judgment was rendered for the plaintiff ordering defendant to construct a chain-link fence around the excavated area using essentially the standards set forth by the American Chain-Link Fence Institute. Campbell Construction Company has appealed from that decision. We annul and dismiss.
During the period of excavation, defendant’s job superintendent, Bill Aton, maintained a trailer at the job construction site. This was used as his residence and as an office of convenience for work going on at the site. Plaintiff contends that this was a business office or establishment in this parish and was sufficient to establish venue under C.C.P. Article 77. That article provides:
“An action against a person having a business office or establishment in the parish other than that where he may be sued under Article 42, on a matter over *705 which this office or establishment had supervision, may be brought in the parish where this office or establishment is located.”
All the evidence indicates that the trailer was not and was never intended to be an established office of Campbell Construction Company in this parish. The trailer was owned by Mr. Aton, defendant’s local job supervisor. It is of little significance that the trailer was maintained on land leased by Campbell Construction Company, or that the trailer was in fact a sphere for many of the activities undertaken in relationship to the contract.
There is evidence that the company also paid the utilities for the trailer. These utilities were insubstantial and could not support the conclusion that defendant was maintaining this trailer as a business office or establishment. Also, the defendant as a normal policy paid utilities for all its job superintendents. There are other factors that indicate that the trailer was not Campbell’s local office. All of the disbursements made by Campbell Construction for local services or materials were made from the Baton Rouge office. Employment checks for the labor used on the site were sent from the Baton Rouge Office to a local post office box.
We are of the opinion that the trial judge committed manifest error in holding that the trailer was in fact a business office or establishment in this parish sufficient to give venue under Article 77 C.C.P. Cf. Recile v. Weigel, 188 So.2d 636 (La. App. 4th Cir., 1966); Anglade v. Hemen-way Furniture Company, Inc., 151 So.2d 164 (La.App. 4th Cir., 1963). Also, Clement v. Redi-Bilt Corp., 249 So.2d 607 (La. App. 4th Cir., 1971). The suit must be dismissed for lack of venue.
For the foregoing reasons, the judgment appealed from is annulled and dismissed. Plaintiff-appellee to pay all the costs of the appeal.
Annulled and dismissed.