WOODLIEF & LEGENDRE *v.* H. W. MONCURE.

No man ought to be held responsible for the acts of another done to his prejudice and against his will. Thus it is held in regard to the *negotiorum gestor*, that the latter must have intended to act in the interest of, and to manage the affairs of another, and not his own; and the management must have been useful at the time.

APPEAL from the Third District Court of New Orleans, *Durigneaud, J.* *Kennedy & Miles* for plaintiffs and appellants.

*Durant & Hornor for defendants.*—As to plaintiffs being *negotiorum gestores*, the law is plainly against them. Defendant had no need of a *negotiorum gestor;* he was here in town, and had the matter been communicated to him, which there was nothing to prevent, he could have attended to it himself. See Dig. b. 3, tit, 5. *Hoc edictum necessarium*, etc. Inst. b. 3, tit. 28. *Igitur cum quis*, etc.

The payment by plaintiffs was of no advantage or profit to defendant. See 5 Marcadé, p. 252. Pour que le maître soit obligé, etc.

The payment was made entirely for plaintiff's benefit. See Dig. b. 3, tit. 5, sec. 6, ? 3. *Sed si quis negotia mea*, etc.

The payment was made against the will of Moncure, who always declared he would never pay it; it was in violation of the maxim, *inviti aut contradicentis negotia non geruntur*. See Mackeldey, sec. 459; *Tucker* v. *Carlin*, 14 An. 734.

LABAUVE, J. This suit is brought to recover of the defendant the sum of $534 50. The plaintiffs say that Hopkins had sold said Moncure sugar and molasses, deliverable on the plantation on Bayou Black; that said Moncure had received said sugar and molasses, and paid on account $14,992 80, leaving a balance due said Hopkins of $534 50; and that they paid said balance to said Hopkins as the *negotiorum gestores* of said Moncure, taking, at the same time, a transfer.

The defendant answered by a general denial; and, in substance, denied that said plaintiffs acted as *negotiorum gestores* of defendant, and that, on the contrary, they had acted in their own interest, and for themselves, in effecting, as brokers, a sale of Wyndham Robertson's plantation and crop to Alfred Hopkins ; that, in order to close the said sale and realize their commission as brokers, petitioners advanced the sum now claimed, etc.

The judge below, after hearing the testimony, gave judgment in favor of defendant, and plaintiffs appealed.

The testimony shows that the defendant had agreed to buy the crop at *city prices ;* that the sugar and molasses amounted to $15,527 38, and that the estimated freight from the plantation to New Orleans was $534 50 ; that the defendant paid $14,992 80, and refused to pay the balance of $534 50, on the ground that he took the sugar and molasses on the plan-

31

tation, and the probable freight must be deducted. The plaintiffs were not the brokers in selling the crop, but they were so in the selling of the plantation for $180,000. The commission was two per cent. on the whole amount, and they received $3,600 for brokerage. The cash payment on the plantation was $50,000, to be made up in a certain way ; and it required this disputed balance of $534 50 to complete the cash ; and it is in evidence that, if this disputed balance had not been paid, there would have been no sale. The plaintiffs paid the disputed balance to make up the deficit, and said they intended to sue the defendant for it.

The plaintiffs predicate their demand on two grounds : 1. They acted as *negotiorum gestores* for defendant in paying said balance. 2. That they took, at the same time, a subrogation from Hopkins to all his rights against said Moncure.

There is no evidence in the record showing the alleged subrogation.

The question, whether the plaintiffs acted, as alleged, as *negotiorum gestores* or not, depends on facts. Did the plaintiffs act as friends, and for the interest and advantage of the defendant, in taking upon themselves to pay this disputed balance ? If the answer be in the affirmative, they must recover; and, if it be in the negative, there must be judgment for the defendants. It requires no argument to demonstrate that they acted for themselves, for their own advantage and interest, well knowing that the defendant objected to pay said balance, and giving his reasons for his refusal. When they paid this balance, they said they would sue the defendant for it. The defendant had no interest in the change of creditors. The plaintiffs, as it seems, paid this balance to conclude a sale, and to receive a commission of $3,600. For these reasons, and those given by our learned brother below, the judgment must be affirmed. 14 A. 734.

It is therefore ordered and decreed, that the judgment appealed from be affirmed, with costs.