No. 11,042.

GEORGE A. STAPLES, EXECUTOR, VS. GEORGE L. MAYER ET AL.

1. A delinquent tax debtor, whose property has been validly sold for taxes, and who has not redeemed or offered to redeem within the delay allowed by law, can not claim the benefit of a sale made by the tax purchaser to a third person, as operating a redemption, merely because such person falsely represented that he was a creditor of the tax debtor, and as such was entitled and ready to redeem, and thus induced the purchaser to sell.

2. A party can not assail a transaction on the ground of a fraud which was not practised on him and did not injure him.

3. Nor can he claim the benefit of acts;of a third person having no authority, and under no obligation to represent him, and not done in his name or for his account, but in his own right and for his own benefit.

APPEAL from the Twelfth District Court for the Parish of Avoyelles. Coco, J.

---

*James Andrews, John C. Ryan* and *Thorpe & Peterman* for Plaintiff and Appellant:

Staples vs. Mayer et al.

1. An executor has capacity to institute and prosecute to judgment real actions for the recovery into the succession of the testator of property in the hands of strangers without joining the heirs as plaintiffs. 10 S. R. 413.

2. Tender of the purchase price is not always an essential prerequisite to the institution of a suit for the recovery of real property. There are cases in which tender can not be successfully made. 40 An. 677.

3. When third persons attack contracts for fraud, testimonial proof is of necessity admissible to establish it. 30 An. 898; 2 La. 593.

4. The admission of parol evidence to defeat written contracts by proof of error or fraud is a rule of universal jurisprudence, and when such evidence is offered by third persons the widest scope is given to the inquiry for the purpose of ascertaining the true character of the contract and the intent of the parties. Hen. Dig. Ev. XV (h) 6; Louque's Dig. Ev. XV (a), p. 250; 8 N. S. 267; 13 An. 207; 6 An. 710; 2 An. 480; 3 N. S. 24; 2 N. S. 13; 14 La. 184.

5. Fraud vitiates all contracts, and in the proof of it the admissions of the parties, even when not made in the presence of each other, their acts and actions, are admissible in evidence. 11 An. 910; 16 An. 85.

6. Fraud can rarely be proven by direct and positive testimony. Circumstantial and presumptive evidence is all that is necessary to establish it. 9 An. 278; 13 An. 307; 12 R. 95.

7. When evidence from which fraud may be held to result is administered, then the burden of proof shifts and the party against whom it is alleged is called on to disprove it. 2 La. 306.

8. When a party has been arraigned and his title assailed upon charges of fraud, and he has been formally cited to come into court and make defence, and instead of maintaining the *bona fides* of his title he seeks to get rid of the case by technical defences, fails to explain away suspicious circumstances, and offers no evidence to uphold or defend the integrity and good faith of his title, the court will assume that the charges are true, and that it was not within his power to disprove them. 41 An. 735.

### C. H. Couvillon for Defendant and Appellee:

1. The alleged owner of property sold at tax sale can not maintain an action for its recovery until he has tendered to the purchaser the price paid, with 10 per cent. interest and costs. Constitution of 1879, Art. 210; Act 96 of 1882, Sec. 62; 30 An. 1232.

2. In all actions of nullity, rescission, etc., the plaintiff should first make a tender or offer of restitution of what he had received in the transaction sought to be annulled. Not only this must be done, but there must be a distinct allegation showing the performance of this requirement, or else the petition does not disclose a cause of action. Cross on Pleading, p. 51; 39 An. 874.

3. An excuse for not making the required tender will not avail in the face of positive law to the contrary.

4. It is a well settled doctrine that the offer to return consideration received or benefit derived is a condition precedent to the right of action to rescind a sale or contract. 4 La. 198; 19 La. 281.

5. Redemption of property sold for taxes can only be made by a tax debtor, heirs, legatees and creditors.

6. An allegation that defendant was not a creditor of the succession represented by plaintiff, whose property was sold for taxes, but by his fraudulent repre-

sentations to the purchaser, that he was a creditor, and as such authorized to redeem the property, but took title in his own name; that such false representations operated as a redemption in behalf of the succession, disclose no cause of action.

7. Parol evidence of representation, made prior or after the sale is inadmissible, without proof of actual fraud; all previous conversations being merged in the written contract. Greenleaf, pp. 332 and 333.

8. A contract of mandate for the purchase or redemption of real estate can not be proved by parol evidence, even when fraud in the alleged agent is set up.

Extra judicial admissions and confessions of a party can not be proved by parol in a case where testimonial proof is inadmissible. C. C. 2276; 30 An. 898; 32 An. 635; 40 An. 157; 4 La. 196; 2 La. 593; C. C. 2290.

*E. J. Joffrion, J. C. Cappel* and *M. C. Moseley* on the same side.

The opinion of the court was delivered by

FENNER, J. Plaintiff, suing in the capacity of executor of Walter O. Winn, alleges substantially:

1. That the succession of Winn owned certain lands in the parish of Avoyelles.

2. That in July, 1887, said lands were lawfully sold for delinquent taxes due thereon by said succession, and were adjudicated to Geo. L. Mayer for the price of $44.19, who paid the price and received the tax collector's deed.

3. That in December, 1887, Mayer executed an act of sale of said property to M. C. Mosely.

4. That the sale to Mosely was induced by his false and fraudulent representation to Mayer that he was a creditor of the succession of Winn, and, as such, entitled to redeem the land from the tax sale; that he tendered the sum required by law for its redemption, and demanded a title in his own name for the protection of his rights as creditor, which Mayer accordingly made on receipt of the sum of $55.43, the exact sum required for redemption.

5. That the effect of the sale from Mayer to Mosely was to operate a redemption of the lands from the tax sale, and to revest the title to the same in the succession of Winn.

6. That Mosely was not a creditor of the succession of Winn or otherwise authorized to act for it.

7. That in October, 1889, Mosely sold a part of those lands to Geo. L. Mayer and C. P. Couvillon for the price of $600.

8. That Mayer, well knowing that Mosely had no title in law to the lands, acquired none under the sale to him.

9. That Couvillon took his title burdened with the same knowledge, "inasmuch as by the express terms of the act he assumed all risks of title and released Mosely from every obligation of warranty."

On these averments he asks for judgment decreeing the property to belong to the succession of Winn, annulling the sale from Mosely to Mayer & Couvillon, and compelling the reconveyance of title to the succession.

Various exceptions and defences were interposed, of which we need consider but one—the exception of no cause of action.

It is clear to our minds that if all the averments of the petition were established, they would authorize no relief in favor of plaintiff.

The allegation that the sale from Mayer to Mosely operated a redemption, vesting title in the succession, is a mere averment of law, entirely unwarranted.

It is apparent the act is not, and does not purport to be, a redemption deed. It is an act of sale for a fixed price, which Mayer had a right to make and which he did make.

The utmost that can be said of it is that Mayer was induced to sell by the fraudulent representation of Mosely that he was a creditor of the succession of Winn, and, as such, was entitled and ready to redeem.

This might furnish good ground for an attack on the sale by Mayer on the ground of fraud; but we are at a loss to perceive what ground of complaint it affords the succession. The sale to Mosely did not put the succession *in duriori casu*, or affect its rights in any manner. The validity of the tax sale is not questioned. It divested the title of the succession, subject only to the right of redemption within the term fixed by law.

The sale to Mosely did not impair or abridge this right in any way. It is not pretended that the succession ever exercised, or intended to exercise, its right of redemption within the delay allowed. It is not claimed that the transaction between Mayer and Mosely had any influence or effect in preventing its doing so, or was even known until long after the delay had expired.

What injury has the succession suffered? It stands precisely in the same position in which it would stand if none of these transactions had occurred. It has lost the land, not by the effect of the transactions assailed, but solely by the effect of the tax sale and by

its failure to redeem within the legal delay. It is attacking an alleged fraud which was not practised upon it and did not injure it in any manner. .It is claiming the benefit of acts done by a third person having no authority, and under no obligation, to act for it, and, upon its face, not done in its name or for its account, but exclusively in his own right as a purchaser under a valid contract of sale.

Judgment affirmed.