## TATE v. DUPUIS et al.
### No. 2119.

Court of Appeal of Louisiana. First Circuit.

May 8, 1940.

W. C. Perrault, of Opelousas, for appellant.

Atlee P. Steckler, of Ville Platte, and Lewis & Lewis, of Opelousas, for appellees.

OTT, Judge.

The issues in the case will appear from a statement of the pleadings. The plaintiff filed two supplemental petitions, and we will consider the allegations in these as well as those in the original petition in our effort to state the grounds on which the plaintiff seeks to recover. As an exception of no cause of action was sustained as to two of the defendants and a plea to the jurisdiction of the court, ratione personae, was sustained as to the other defendant and as both the exception and the plea were sustained on the allegations in the original and supplemental petitions, we will state the facts as though the allegations of the petitions were proven.

In the year 1932, plaintiff, together with Victor L. Dupuis, Emile Ludeau, E. P. Barrios and C. L. Haynes, were the owners of the capital stock of the Evangeline Parish Products Co., Inc., and all five of these stockholders endorsed promissory notes executed by said corporation to various payees aggregating $12,126. Some time prior to May, 1933, the plaintiff sold his stock in the corporation to Alfred E. Guillot. At the time that plaintiff sold his stock as aforesaid, he was still liable as one of the endorsers on the notes of the corporation, the balance remaining due on these notes on May 17, 1933, being the sum of $10,626. There was no agreement on the part of Guillot at the time he purchased plaintiff's stock in the corporation that he would assume responsibility for plaintiff's endorsements on the notes of the corporation.

On the above date, the stockholders of the corporation consisting of those already named and Guillot who had taken the place of the plaintiff as a stockholder, by proper resolutions as stockholders and directors of the corporation, authorized the execution on behalf of the corporation of five promissory notes for $2,125.20 each, secured by a chattel mortgage on all of the movable property of the corporation, due two years from date, with interest, one of said notes to be delivered to each of said stockholders (including Guillot) to secure them on account of their endorsement of the notes of the corporation on which there was then a balance due of $10,626, making the pro-rata part of each endorser the amount of each of said five notes. The notes and chattel mortgage were duly executed by the corporation in accordance with the resolutions, and the notes were delivered to the then stockholders including Guillot.

It will be observed that, while the plaintiff remained liable as an endorser on the notes and Guillot assumed no liability therefor, the plaintiff did not receive any of said notes nor was he named in the resolutions and chattel mortgage as a mortgagee or holder and beneficiary of any of the notes secured by the property of the corporation and which notes and mortgage were given to secure the endorsements of the corporation's notes.

The corporation was placed in the hands of a receiver a little less than a year after the notes and mortgage in favor of the stockholders were executed, and in May, 1934, in the receivership proceeding and under an order of court, the property of the corporation covered by the said chattel mortgage was transferred to said five stockholders in payment and satisfaction of said chattel mortgage. By this action, four of the stockholders who had endorsed the notes of the corporation received property of the corporation to protect or re-imburse them for the amount they had paid or would be required to pay, on account of their endorsements.

It will be observed again that Guillot, who was not liable for any endorsements,

received one-fifth of this mortgage property; the plaintiff received none of it. The plaintiff nevertheless paid all of his pro rata part of the notes of the corporation which he and the other four stockholders had endorsed, the total amount paid by the plaintiff being the sum of $2,502.72.

Shortly after the mortgaged property had been taken over by these five stockholders in the receivership proceedings, the corporation was dissolved and another corporation formed in May, 1935, under the name of The Evangeline Parish Products Co., Inc., with Dupuis, Ludeau and Guillot as incorporators, these three having purchased the interest of Barrios and Haynes in the property which all five had received in the receivership proceedings of the old corporation as aforesaid. The above named three incorporators of the new corporation transferred all of this property of the old corporation to the new one in payment of stock in the new corporation.

Just after this new corporation was formed by said Dupuis, Ludeau and Guillot, plaintiff sold three lots of ground in Ville Platte to the corporation for $1,500. Then in April, 1937, these three stockholders of the new corporation, by proper resolutions as directors and stockholders, sold all the property of the corporation (which included all of the property acquired from the old corporation in the manner aforesaid and the lots which had been acquired from plaintiff) to W. C. Kimbrough for a consideration of $6,002, of which the purchaser paid $200 in cash and executed three promissory notes for $1,934 each for the balance, each of the notes being payable in installments of $33⅓ per month. This corporation was not dissolved but was continued for the purpose of collecting these notes and distributing the proceeds to said stockholders, Dupuis, Ludeau, and Guillot.

This suit by the plaintiff is against these three parties, Dupuis, Ludeau and Guillot (the corporation also being made a defendant by supplemental petition), to recover of them in solido for one-fifth of the amount collected by the defendants of the sale of the property to Kimbrough, and recognizing plaintiff as the owner of a one-fifth interest in the balance of the Kimbrough notes, less the value of the lots which plaintiff sold the corporation and included in the sale to Kimbrough. In other words, plaintiff seeks to recover from the defendants one-fifth of the value of the property of the old corporation of which he was at one time a stockholder, which property came into the new corporation as aforesaid and was sold to Kimbrough for $4,502 (that is the total consideration of the sale to Kimbrough less $1,500, the value of said lots).

The ground on which plaintiff bases his right to recover from these defendants is set out in his petition as follows: "That all of the aforesaid acts and doings of said defendants inured under the law of this State to the benefit of petitioner to the extent of a ⅕ part of all of the property and money had and received by said defendants as a result of the personal endorsements of the notes described in Article II hereof, for which petitioner is entitled to judgment against said defendants in solido."

Dupuis and Ludeau, among other exceptions filed one of no cause or right of action which was sustained. Guillot filed a plea to the jurisdiction of the court on the ground that he is a resident of Lafayette Parish. This plea was sustained, and plaintiff has appealed from the judgment which dismissed his suit against these three defendants. No action was taken as to the corporation, made a defendant in a supplemental petition.

The theory on which plaintiff hopes to hold these three defendants liable for one-fifth the value of the property of the old corporation which was mortgaged to secure endorsements on the corporation's notes is that the mortgage of the property for that purpose inured to his benefit even though he was not named as a beneficiary of the mortgage nor as a holder of one of the five notes; that, as Guillot was not liable as an endorser, he had no right or cause to be named in and protected by that mortgage and did not pay out anything on the notes of the corporation; that when the mortgaged property was turned over to these five stockholders in the receivership to satisfy the mortgage, plaintiff as one of those liable on the endorsements for whose protection the mortgage was given, was included by the operation of law as a one-fifth owner of this property along with his other four co-endorsers, Dupuis, Ludeau, Barrios and Haynes; that when the two former and Guillot bought out the interest of Barrios and Haynes in the property and transferred it to the new corporation and subsequently through this new corporation transferred this same property to Kimbrough, they were acting

under an implied agency to protect his one-fifth interest in the property.

■ However forceful this reasoning may appear to hold Guillot under a quasi-contract for the one fifth interest which he acquired in the property by reason of the mortgage of it and its subsequent transfer to him and the other four stockholders and mortgagees of the old corporation, the same reasoning could not apply to hold Dupuis and Ludeau under a quasi-contract or implied agency. These latter two are the only ones whose liability, vel non, is raised by the exception of no cause of action. We express no opinion and do not pass on the liability of Guillot to plaintiff under a quasi-contract or implied agency for the interest that he received in the property by the mortgage and subsequent transfer of the property when he incurred no liability on the endorsements.

Dupuis and Ludeau incurred the same liability and paid out the same amounts as did the plaintiff on the endorsements of the notes of the old corporation. When these two took a mortgage on the property of the corporation to protect them on these endorsements, they obtained no more interest in the mortgage or the property subsequently acquired under it than any other creditor of the corporation would have obtained under similar circumstances. These two defendants acquired no further interest in the property by reason of the mortgage and transfer of the property than was necessary to re-imburse them for what they had paid out for the corporation on the endorsements. They did not receive anything that belonged to the plaintiff and they did not assume to transact his business for him in these various transactions. If, in these various transactions to protect the endorsers on the notes of the corporation, the parties mistakenly believed that Guillot was the one to be protected rather than plaintiff, that is a matter between plaintiff and Guillot.

We do not see how Dupuis and Ludeau could be held under a quasi-contract to plaintiff when they were acting for themselves and were not presuming to transact another's business. Article 2294 of the Civil Code states that quasi-contracts arise in two ways: The transaction of another's business, and the payment of a thing not due. As we learn from the following article of the Code, 2295, the contract arising from the transaction of

another's business is based on an implied agency and agreement on the part of such person to manage the affairs of another with or without the knowledge of such other.

And under Article 2301 of the Civil Code, such a quasi-contract will arise on the part of one who receives what is not due him to restore it to him from whom he has unduly received it. As far as defendants Dupuis and Ludeau are concerned they neither undertook to transact any business for plaintiff in these various transactions nor did they receive anything that belonged to him which they are required to restore. They transacted their own business and received what belonged to them.

■ A person cannot claim the benefit of the acts of a third person having no authority to represent him, and under no obligation to represent him, where such third person does these acts in his own name and for his own interest and benefit. Staples v. Mayer et al., 44 La.Ann. 628, 11 So. 29.

The exception as to these two defendants was properly sustained.

■■ Guillot is sued in a parish other than that of his domicile on the theory that he is liable in solido with the other defendants, thus bringing him within the exception permitting suit against him in a parish other than his domicile under Code of Practice, Article 165, par. 6. It is true that this defendant could be sued at the domicile of any one of the other defendants if they were liable jointly or in solido, whether that liability arose from a contract, quasi-contract, offense or quasi-offense. Gardiner v. Erskine et al., 170 La. 212, 127 So. 604. This case holds that the case of King v. Wm. J. Burns International Detective Agency, Inc., 151 La. 211, 212, 91 So. 681, cited by exceptor, has been overruled.

But as we have found that the other defendants are not liable with Guillot to the plaintiff in solido or in any other manner, it follows that there is no ground for applying the exception provided for in the above mentioned article of the Code of Practice, regardless of whether or not this defendant is liable to the plaintiff in any manner.

■ Conceding that no action has been taken on the liability of the corporation, the fact that the suit is still pending as to

the corporation made defendant by the supplemental petition, cannot be used as a peg on which to hang jurisdiction as to Guillot who has his domicile in another parish. If the corporation is brought into the suit for the purpose of having it render an accounting, or in an attempt to hold it liable in solido with Guillot, this is not sufficient to vest jurisdiction over the latter in the court of the domicile of the corporation for the reason that whatever liability the one or the other might sustain toward the plaintiff that liability could only be separate and distinct and not joint or solidary. De Bouchel v. Koss Construction Co., Inc., et al., 180 La. 615, 157 So. 270; Southern United Ice Co. v. Rapides Grocery Co., Inc., et al., La.App., 187 So. 313.

The plea to the jurisdiction filed by Guillot was properly sustained.

For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant in both courts.