### DE BLANC v. TEXAS CO.
#### No. 9509.

Circuit Court of Appeals, Fifth Circuit.
July 18, 1941.

P. M. Milner, of New Orleans, La., and Benj. W. Miller, of Bogalusa, La., for appellant.

L. K. Benson and Chas. H. Blish, both of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Mrs. Lena Marquette De Blanc brought this suit against the Texas Company to recover $4,897.50. The suit was dismissed on a plea of no cause of action without a trial on the merits.

In substance, the complaint and annexed exhibits show the following facts: Appellant claims to be the owner of some 523 acres of land in Plaquemines Parish, Louisiana, in township 22 S. Range 20 E., with accretion amounting to about 100 acres, a total of 653 acres.

The complaint describes the land, sets out a chain of title by which it was acquired, going back to the state, and alleges the deeds were properly recorded. The Texas Company, since 1931 or 1935, has been in possession of some 60,000 acres of land in Plaquemines Parish, which includes the lands claimed by appellant, under assignments of oil and gas leases from Wm. A. Walsingham, Carroll S. Mayer, Burton McCullom and Manuel Molero, executed on December 19, 1928, which leases the said parties had acquired from the State of Louisiana and the Louisiana Conservation Commission. The Texas Company paid said assignors, upon drilling wells and producing oil, $200,000 as a bonus and has also paid said assignors an additional sum of $250,000.

Appellant does not sue for damages for trespass and conversion of the oil nor to establish her title and right of possession nor for an accounting, either directly or in the alternative. She pitches her case solely on the provisions of Article 2295, La. Civil Code, which is as follows:

"When a man undertakes, of his own accord, to manage the affairs of another, whether the owner be acquainted with the undertaking or ignorant of it, the person assuming the agency contracts the tacit engagement to continue it and to complete it, until the owner shall be in a condition to attend to it himself; he assumes also the payment of the expenses attending the business.

"He incurs all the obligations which would result from an express agency with which he might have been invested by the proprietors."

Appellant contends that the Texas Company took possession of her property and managed it, thereby becoming her negotiorum gestor, and is indebted to her at the same rate it paid the assignors of the leases, in the proportion her acreage bears to the whole tract, which is the amount she sues for.

If the Texas Company had received bonuses and royalties attributable to appellant's land, as her unauthorized agent, a different case would be presented. Construing Section 2295, the Supreme Court of Louisiana has held that before anyone can be considered a negotiorum gestor he must have intended to act in the interest of another and not for himself. Woodleif and Legendre v. Moncure, 17 La. Ann. 241; Staples, Executor, v. Mayer, 44 La.Ann. 628, 11 So. 29; Succession of Kernan, 105 La. 592, 30 So. 239; Webre v. Graugnard, 173 La. 653, 138 So. 433. It is clear from the complaint and exhibits that the Texas Company was acting for itself, antagonistically to appellant and not for her benefit.

Appellant contends the decisions of the Supreme Court of Louisiana are in conflict and cites various French commentators. It is unnecessary to review them.

An examination of them discloses that they are in accord with the decisions of the Louisiana Supreme Court above cited.

The complaint does not allege that any well was drilled upon appellant's acreage nor that any oil was produced and marketed therefrom. Appellant did not ask leave to amend her complaint. Conceding that appellant may have a good claim for relief against the Texas Company or the assignors of the leases or both, the District Court was not required to guess it.

However, such rights, not asserted in this case, appellant may have should be preserved. The judgment will be amended to fully reserve appellant's rights to further proceed against the Texas Company and the assignors of the leases under which it operates. As thus amended the judgment is affirmed. Costs to be taxed against appellant.

Amended and affirmed.