I JETERS, J.
Sabine River Authority appeals a judgment that denied its peremptory exception of prescription and ordered that a mandatory injunction issue to require it to remove a roadway that had been erected across an inlet of the Toledo Bend Reservoir and to provide Craig Burns water access to his property within thirty days. In the alternative, the judgment ordered Sabine River Authority to pay Mr. Bums the sum of $35,000.00.
DISCUSSION OF THE RECORD
On April 2, 1990, Craig Burns and Lucy Burns filed a Petition for Mandatory Injunction or in the Alternative Damages, seeking to have Sabine River Authority (Sabine) remove a roadway constructed across an inlet of the Toledo Bend Reservoir that had existed since the early 1970’s, or in the alternative, to have Sabine pay them damages for its failure to remove the roadway. Sabine filed peremptory exceptions of no cause of action and prescription. The trial court granted the exception of no |i>cause of action, and the Burnses appealed. We reversed this judgment on appeal in Burns v. Sabine River Authority, 614 So.2d 1337 (La.App. 3 Cir.), writ denied, 617 So.2d 935 (La.1993), and remanded for further proceedings. The appeal presently before us involves the proceedings on remand.
*979 In Bums, we set forth the factual background of this case as follows:
Central to Burns’s action is a 1975 judgment acquired by Sabine against Rupert Lucius, Jr. In 1975 Sabine obtained a judgment against Lucius which enjoined him from using a roadway he erected across an arm or inlet of the Toledo Bend Reservoir which denied water access to Toledo Bend to those property owners in Pine Bluffs Subdivision north of the roadway. The judgment ordered Lucius to demolish and remove the roadway within 60 days; if Lucius failed to remove the roadway, the judgment further authorized Sabine to do so and condemned Lucius to pay Sabine $2,556 for the removal. This judgment was affirmed on appeal. State, Sabine River Authority v. Lucius, 335 So.2d 95 (La.App. 3rd Cir.1976). Even though Lucius never ceased using the roadway, Sabine chose not to enforce its judgment.
In 1985 Burns purchased four lots north of the roadway in the Pine Bluffs Subdivision. Burns instituted this suit when Sabine refused to enforce its judgment against Lucius. Sabine filed a peremptory exception of no cause of action to Burns’s suit, contending that during the 13 years since the Lucius decision Burns’s ancestors in title did not seek enforcement of the judgment. Sabine also moved for summary judgment, contending that the Burns property never had waterfront access. The trial court granted Sabine’s peremptory exception of no cause of action, stating, “[T]he relief which plaintiffs seek is under the authority of a judgment which grants to defendant ‘permission’ to take further action and the Court therefore finds that the exception of no cause of action filed as to a petition for a ‘mandatory injunction’ is well-founded-” The trial court did not reach the issues presented by Sabine’s motion for summary judgment. We reverse and remand, finding that Bums stated a cause of action based on quasi contract.
Id. at 1337-38.
In reversing the trial court, we stated:
The management of another’s affairs gives rise to a quasi contract. LSA-C.C. Art. 2295.[1] Whether the owner be acquainted with the [¡¡undertaking or ignorant of it, the quasi contractual relationship of negotiorum gestio occurs. Id. When the manager assumes the agency, he contracts the tacit engagement to continue the management he has begun and to complete it. Id. Pla-niol states that a gestión d’affaires is created in every case where a person accomplishes a juridical act in the interest of another without having been charged to do so. 2 M. Plainol [sic], Civil Law Treatise pt. 2, no. 2273 at 308 (11th Ed.La.St.L.Inst.trans.1959).
It is essential to negotiorum gestio that the manager be doing another’s business, not his own business. Tate v. Dupuis, 195 So. 810 (La.App. 1st Cir. 1940); Chance v. Stevens of Leesville, Inc., 491 So.2d 116 (La.App. 3rd Cir. 1986), writ denied, 495 So.2d 302 (La.1986).
Based on the facts alleged in Burns’s petition and reported in the Lucius decision, we find that the case sub judice presents a classic case of negotiorum gestio. At the time Sabine sued Lucius to remove the illegal roadway, it was acting to preserve the juridical rights of the landowners whose property lay beyond the road and bordered the inlet. Now Sabine is obliged to complete the management of that affair by enforcing the judgment it obtained as the gestor of the owners. Since Burns’s ancestor in title, an active participant in the prior litigation with Lucius, directly benefited from Sabine’s legal action, we find it *980 of no moment that Burns’s identity was not known when Sabine undertook its management of the affairs of others. See, Comment, Management of the Affairs of Another, 36 Tul.L.Rev. 108(1961). Accordingly, as a result of the quasi contract between Sabine and Burns, Sabine may now be required to remove the road.
Id. at 1339-40.
The trial on remand resulted in a judgment ordering that a mandatory injunction issue requiring Sabine to remove the roadway and other obstructions, to provide Mr. Burns [2] water access to his property, and to restore the lake bottom as nearly as possible to its condition prior to the obstruction within thirty days. In the alternative, the trial court ordered Sabine to pay Mr. Burns $35,000.00. Sabine appeals, alleging several assignments of error, including an assignment that the trial court erred in failing to sustain its peremptory exception of prescription. Because we find merit in this assignment of error, we pretermit addressing the remaining assignments of error.
| ¿OPINION
The trial court denied the exception of prescription on the basis that the roadway’s existence constituted a continuing tort and therefore a continuing interruption of any period of time that might be referenced to support the claim of prescription. However, we find that the applicable prescriptive period is that applicable to quasi contracts. Specifically, in our prior opinion in Bums, we found that the case presented a “classic case” of the quasi contractual relationship of negotiorum ges-tio, stating:
At the time Sabine sued Lucius to remove the illegal roadway, it was acting to preserve the juridical rights of the landowners whose property lay beyond the road and bordered the inlet. Now Sabine is obliged to complete the management of that affair by enforcing the judgment it obtained as the gestor of the owners.
Id. at 1340.
Under the law-of-the-case doctrine, an appellate court will not, on a subsequent appeal, reconsider its earlier ruling in the same case. Bums, 614 So.2d 1337. Applying the law-of-the-case doctrine, we find that the parties are bound by our earlier ruling that this cases presents a quasi contractual relationship of negotiomm ges-tio.
Actions sounding in quasi contract are subject to the ten-year liberative prescription period for personal actions under La.Civ.Code art. 3499. Kilpatrick v. Kilpatrick, 27,241 (La.App. 2 Cir. 8/23/95); 660 So.2d 182, writ denied, 95-2579 (La.12/15/95); 664 So.2d 444; Taylor v. Smith, 619 So.2d 881 (La.App. 3 Cir.), writ denied, 625 So.2d 1038 (La.1993). Sabine filed the initial suit against Lucius in 1973 and obtained judgment in 1975. The judgment in State, Sabine River Authority v. Lucius, 335 So.2d 95 (La.App. 3 Cir.1976), became final in 1976. The Burnses did |snot file the instant suit until 1990, well over ten years after the final judgment in Lucius. Therefore, we find that the trial court erred in failing to sustain the exception of prescription.
DISPOSITION
For the foregoing reasons, we reverse the judgment of the trial court and dismiss Mr. Burns’s suit against Sabine on the basis of prescription. We assess costs of this appeal to Mr. Burns.
REVERSED AND RENDERED.

. Our cite in Burns was to former La.Civ. Code art. 2295. New La.Civ.Code art. 2292 is in accord with former La.Civ.Code art. 2295, and new La.Civ.Code art. 2293 is based on former La.Civ.Code art. 2295.

. The instant judgment was in favor of Mr. Burns only, apparently because Mr. Burns testified at trial that he purchased his wife’s interest in the property through a community property settlement.